OP/XIOX of the court, by
Ch. J. Boyle.
This was aa act;n covenant, upon an agreement to pay * • -y » j 151 2-3 dollars to the plaintiff, upon his delivery to the defendant an order for that sum, which the defendant drawn in favor of the plaintiff upon John Mason, The plaintiff avers in his declaration, that he did on the ' ——. day of —- in the year 1809, deliver to the de-fenc]ant ⅛,, ori]er and assigns the breach of the cove- . , ⅞ , e , riant in the non payment 01 ine money, i he defendant pleaded covenants performed, upon which issue was ;0jnecj an(} ajs0 that plaintiff did not before the su-J ’ , ... . , . , ,. , , tag out tiie original writ in this case, deliver to the defendant the order drawn upon John Mason, as in the declaration js set fortfo. 'To this plea the plaintiff re-phed, mat he did oeiore toe institution oí this suit, cause to be tendered by the hands of John Newland, the order aforesaid to the defendant, who then and there refused to receive the same. To this replication the defendant demurred generally. The demurrer was overruled, and the jury having found the issue upon the pier, of covenants performed for the plaintiff, judgment was given for the damages assessed by the jury ; from whicn judgment the defendant has appealed to this court.
It is assigned for error, that the replication oí i. . plaintiff to the defendant’s second plea was a departure from his declaration, and that the court erred in overre-ling the demurrer thereto.
*235 A departure in pleading is said to be, when a man vuits o,r departs from one case or defence he has made and has recourse to another, or when his second does not conta-n matter pursuant to his first and support a»d fortift it — Co. Lit. 304. One reason why a departure is nc ver a’tow.-d, is, because it tends to premuní an endless prohxit) in pleading ; for if a man might relinquish the- first ground he had taken, and have recourse to a second, b - «night abandon his second and resort to a thiol, nnd so on in a continued progression as long as hia imagination would supply him with new matter to which he fluid resort. Thus the pleadings would become hifioue, and he who had a bad cause would never be hr )i‘ghr ;o issue, while he who had a good one would nc vet obtain the end of his suit,
f hat ¡,h> plaintiff’s replication in this case is a departure Íí'/ü» h><- declaration cannot be doubted. In his de-clarator he insists on a delivery of the order to the de-leodaiit and when the defendant tenders art issue upon, that do mi lie shifts his ground and replies that he had offered to deliver the order, but the defendant refused to accept it. If a party pleads performance, he cannot be* allowed afterwards in his subsequent pleadings to allege matter in excuse of performance — --See 1 Tidd’s. Tract it e and the cases there cited, “ So if a man plc«.d performance of covenants,.and the plaintiff reply thdt he d-d not such an act, according to his covenant, the de ¡bn riant saith that he offered to do it and.the plaintiff reíuacd ic ; this is a departure, because the matter is., not pursuant; for it is one thing to do a thing, and another to offer to do it, and the other refused to do it therefore that should have been pleaded ia.thg former picas” — Co, Lit. 304, a.
But it is contended that a departure cannot be taken, advantage oí on a general demurrer. With every disposition to discover that this position was correct, we have not been able in our researches upon this point to find any one case in support of it ; on the contrary: it is expressly laid down in some of the authorities, and evidently deducible from others, that a departure in pleading is matter of substance, and bad upon a general demurrer — See Cassens vs. Cassens, Wille’s Rep.25 — Hickman vs. Walker, ibid 27—Ellis vs. Rowles, ibid 638- — Palmer & Stoner, 2 Wils. Rep. 96 — Harding vs. Holmes, 1 *236 Wils. 122, and 2 Saund. 84 (d) note 1. These ease* are subsequent to the statute of Elizabeth, which provides that when a demurrer shall be joined in any action, the court should give judgment according to the right of the cause, without regarding any defect or imperfection in form, except such as the party demurring should specially shew. This statute was in force in Virginia prior to the enactment of the same provision which was relied upon in this case, to shew that on a. general demurrer a departure in pleading could not be t%ken advantage of. We cannot therefore consider the provision in our statute book as a new law, but the continuation of an old one by re-enactment; consequently' the cases from the books just referred to, must be regarded as authoritative evidences of the true construction of the law upon this point, and if so, they are clearly decisive of the question under consideration. In support of these cases it may also be observed, that they seem consonant to the general rule with respect to what may or may not be taken advantage of on a general demurrer.
According to that rule a party cannot avail himself of any defect of form in his adversary’s plea upon a general demurrer, but he may do so of any defect in substance. As a departure in pleading depends not upon the form of the plea hut upon its substance, it would seem to follow that it furnishes an objection which may be availing upon a general demurrer.
It is therefore considered by the court, that the judg-s ment of the said circuit court be reversed, that the cause be remanded to said court, and that the plaintiff have leave upon the usual terms to amend his declaration, and that new proceedings be had therein not inconsistent with the foregoing opinion.