———— WATSON AND ———— BARNARD *v.* HUBBARD JOSLYN.

*Pleading.*

To a writ of review the defendant plead that before its commencement the plaintiffs paid and the defendant accepted and received a certain sum, in full satisfaction and discharge of the judgment upon which the writ of review was brought, and of the suit in which it was obtained, and of the subject matter of it. The plaintiffs replied that they paid the amount of the judgment to the officer having a writ upon it, upon which writ he had arrested one of the plaintiffs for the purpose of releasing his body from arrest, and with the understanding and upon the assurance of the officer that it would not prevent the bringing of their writ of review, which was the same payment alleged in the plea. *Held*, on special demurrer, that the replication was insufficient on account of a departure, introducing a new party upon the record, repugnance of allegations, and containing no denial of any facts alleged in the plea.

WRIT OF REVIEW. The defendant plead that "after judgment was recovered by him, the said Joslyn, against the the said Barnard and Watson, by default as set forth in the plaintiffs' said writ of of review, and before the commencement of said writ of review, to wit, on the 28th day of February, 1852, at Barton, in the county of Orleans, the said Barnard and Watson paid to the said Joslyn the sum of fifty-eight dollars and seventy cents in full satisfaction and discharge of said suit in favor of said Joslyn and against said Barnard and Watson, and the said Joslyn accepted and received of the said Barnard and Watson said sum of fifty-eight dollars and seventy cents in full satisfaction and discharge of said judgment, and in full satisfaction and discharge of the subject matter on which said judgment was predicated, and in full satisfaction and discharge of said suit in favor of said Joslyn and against the said Barnard and Watson."

To his plea the plaintiffs replied, " that the said sum of fifty-eight dollars and seventy cents, in said plea alleged to have been paid, was, in fact, paid by the plaintiff Barnard to one William Sivright, an authorized person, holding a writ in favor of said Joslyn against the plaintiffs, issued by Joseph Wooley, a Justice of Peace for said county of Orleans, declaring upon said judgment and dated February 10, 1852, and made returnable at the inn of Timothy Winn, in Derby, in said county, on the second Monday of April, 1852, directed to any sheriff or constable in the state, and authorizing said Sivright to serve and return the same, commanding them

to attach the goods, chattels or estate of the defendants to the value of one hundred dollars, and for want thereof, to take their bodies if found in their precinct, and them safely keep to appear as therein directed; and by virtue of said writ said Sivright on the 28th day of February, 1852, did arrest the body of the said Barnard at Barton, in said county, and exacted of said Barnard the payment of said sum of fifty-eight dollars and seventy cents, or to be committed to jail on said process, and the said Sivright then and there said to the plaintiff Barnard that he could pay over to him the said sum of fifty-eight dollars and seventy cents and afterwards at any time within three years from the date of said judgment have his writ of review to said judgment in the same manner as if the same were not paid over; and the said Barnard relying upon said assurance and representation of said Sivright, and fully believing the said payment would not deprive the plaintiffs of their said writ of review, and not intending thereby to assent to said judgment, but distinctly protesting the same to be unjust and not due, and for the mere purpose of releasing his body from said arrest, and procuring time to bring their writ of review, the said Barnard did pay to said Sivright the sum of fifty-eight dollars and seventy cents, and in no other way and for no other purpose than as aforesaid, and is the same payment in the said plea alleged."

To this replication the defendant demurred and assigned the following causes:

1. "That the said replication sets forth and alleges new, repugnant, affirmative matters inconsistent with the facts set forth in the defendant's said plea, and does not traverse said plea.

2. "Because the replication does not confess and avoid said plea, nor does it traverse the same.

3. "Because the replication is informal and defective in other respects."

The county court, December Term, 1854,— POLAND, J., presiding,— adjudged the replication sufficient. Exceptions by the defendant.

*Cooper & Bartlett* and *J. L. Edwards*, for the defendant.

The replication does not confess and avoid the facts averred in the plea, nor does it *directly deny* them by way of a traverse. It

was necessary that the plaintiffs should traverse the defendant's plea; but this they have not done, hence the replication is bad on demurrer. The omission of a traverse when necessary to an issue, is bad on general demurrer; Story's Pl. 341; 2 Mod. 60; 5 Mass. 125.

The replication sets forth mere repugnant, affirmative matter inconsistent with the facts alleged in the plea, but nowhere denies the material allegations in the plea, under an *absque hoc* or *et non*, or in any other manner. Saying that the money was paid "*in no other way and for no other purpose than as aforesaid*," is but repeating in substance what was before alleged; and the averment that said payment is the same that is alleged in the plea, does not deny the plea. If the payment set forth in the replication is the same as that set forth in the plea, then the payment set forth in the plea is the same as that set forth in the replication, so that nothing is gained by that averment, and mere affirmations on either side form no issue. By this mode of pleading the parties could never come to an issue.

A traverse is well defined by the learned Chief Justice in the case of *Day* v. *Essex County Bank*, 13 Vt. 97, and the plaintiff's replication does not come within that definition. "A special traverse consists of an affirmation not compatible with the adversary's former pleading, and a negative in direct contradiction to it."

The replication does not profess to deny the averments in the plea that "*said sum of money was received and accepted by the defendant in full satisfaction and discharge*," &c., either directly or argumentatively. These are *material averments*, and must be traversed, which the replication does not do.

*Peck & Colby*, for the plaintiffs.

The plea alleges the payment to have been made in discharge of the original cause of action. Nothing short of this would be a bar to the writ of review. Payment of the judgment would not be a bar unless it was intended as a satisfaction of the cause of action. Payment of the judgment could not be recited, as the party could not go behind it, and a payment under such circumstances cannot bar the remedy by writ of review. Payment on *final* process is never regarded as *voluntary*, and consequently is

no bar to a suit to recover it back. As well might it be claimed that payment of a judgment to avoid an execution would bar a writ of error.

The replication asserts that the money was paid to avoid the effect of the suit brought upon the judgment, *and not in discharge of the matter upon which the judgment was founded.* This meets and is an answer to the only material allegation in the plea.

The opinion of the court was delivered by

REDFIELD, Ch. J. This is a writ of review. The defendant pleads in bar accord and satisfaction of the judgment sought to be reviewed, and of the subject matter on which the judgment is founded. The plaintiffs' reply, that they paid the money to an officer having a writ on the judgment against them, after he had arrested the body of Barnard, one of the plaintiffs, to save being committed to jail, and with the express understanding between Barnard and the officer, that he might pay that sum and afterwards, at any time within three years, have his writ of review, the same as if he had not made this payment, and trusting to said understanding, and not intending to recognize the validity of the judgment, but protesting the same to be unjust, and to procure a release from arrest and time to bring the writ of review, the said Barnard did pay said sum to Sivright, the officer, "*which is the same payment named in the defendant's plea,*" and concluding with a verification.

This is demurred to, both for want of form and substance. The substance of the replication undoubtedly is, that he only paid the judgment to release his body from arrest, and did not compromise the cause of action now prosecuted. This should have been a mere traverse of defendant's plea of accord and satisfaction of the subject matter of the controversy and cause of action now prosecuted. And this seems to us an answer to the plea. The payment of the judgment no more bars the right of review than it does a writ of error or a petition for a new trial.

But the form of replication seems to us objectionable.

1. It is an entire departure from the other pleadings.

2. It introduces new parties upon the record, viz, Sivright, the officer, and a succession of facts, having no connection with the

question at issue, and concludes with an obvious repugnance, that the payment in the replication " is the same payment in said plea alleged." If so, it is difficult to see what issue or controversy there is between the parties. The purpose of the pleader obviously was to deny the substantial fact of the money named in the plea being given or received in satisfaction of the plaintiffs' cause of action, which the replication certainly does not do.

3. The plea speaks of no payment *eo nomine*, whereas the replication refers to the " same payment," &c., which is another obvious repugnance.

4. There is no specific denial of any fact alleged in the plea, and in fact no argumentative denial.

5. The defendant might now reäffirm the facts of the plea and aver them to be the same as those alleged in the replication, and thus the series of asseverations become indefinite without any approach to an issue.

These defects, although not very specifically pointed out in the special causes of demurrer, are pointed at in general terms, and seem to us fatal to the replication, which is, in fact, essentially wanting in all the technical requisites of a good plea.

Judgment reversed, and plaintiff has leave to amend on the usual terms.