GEORGE POTTS ET AL. v. THE POINT PLEASANT LAND COMPANY.

When the declaration is for breach of covenant, and the plaintiff avers due performance on the part of the plaintiff, and the defendant pleaded that the performance of the work was a condition precedent to plaintiffs' right to payment and non-performance by plaintiffs of said work, a replication averring that plaintiffs tendered themselves ready and willing to perform, is a departure from the declaration.

On demurrer to replication.

Argued at June Term, 1885, before Justices KNAPP and REED.

For the demurrants, *James Buchanan.*

For the plaintiffs, *Frederick Parker.*

The opinion of the court was delivered by

REED, J. The declaration is for breach of covenant. It sets out a contract under seal, by the terms of which the plaintiff was to perform for the defendants certain work in filling and grading certain lots and claying certain sidewalks at Point Pleasant. It then declares that the defendants did covenant, in consideration of the faithful performance of the said work, to pay eighteen cents per cubic yard for the sand or clay removed, the payment to be made by a deed of real estate, by an assignment of certain mortgages, by orders for guano and by the payment of cash.

It then avers the due performance of the work on the part of the plaintiffs, and the failure of the defendants to perform their covenant to make payment according to the terms of their contract.

To this declaration the defendants pleaded, among others, the plea that the performance of the work was a condition precedent to the plaintiffs' right to payment, and that the plaintiffs had not performed the said work.

To this plea the plaintiffs replied that although they tendered themselves ready and willing to complete the said work, the defendants notified them to remove from the defendants' land all the plaintiffs' material, tools and working implements, by reason of which they were prevented from continuing said work according to the terms of the contract. To this replication a demurrer was filed.

The point of the demurrants upon the argument was that the ground upon which the plaintiffs based their right of action in their replication, was a clear departure from the position taken by them in their declaration.

The counsel for the plaintiffs contended that the replication fortified the case made by the declaration, and so was legitimate. The design of a replication is to put upon the record some new facts which show that, notwithstanding the existence of the matters pleaded by the defendants, the declaration is yet true.

Thus, if plaintiff declares upon a statute, and defendant pleads that it is repealed, a replication that it has been revived by a subsequent act, is good. For the reviving act gives renewed effect to the first, on which the action is founded. *Gould on Plead.* 455.

So, if in trespass the defendant justifies for a distress *damage feasant,* the plaintiff may reply that the defendant afterwards converted to his own use, for this shows the taking to be a trespass *ab initio. Comyn's Dig., tit. "Pleader,"* ¶ 11.

These are obvious instances of a fortification of the position first taken by the pleader. But in the two pleadings of the plaintiffs in the present case it appears manifest that the grounds upon which the plaintiff rests his claim is in each distinct. He assumes on each that he has a condition to perform as a precedent to his right to recover compensation. He first says "I performed it." He next says "I did not perform it, but was ready to do so, and you hindered me."

The performance of such a condition, and an excuse for not performing it, are matters so distinct that good pleading requires the certain averment of that one upon which the party relies. They are so treated by Mr. Chitty, he giving the rules that regulate the pleading of a performance of conditions precedent, and also the averments necessary in setting out an excuse of performance by the plaintiff. In regard to the latter he remarks: "In stating an excuse for non-performance of a condition precedent, the plaintiff must in general show that the defendant either prevented the performance or rendered it unnecessary to the prior act by his neglect or by his discharging the plaintiff from performance." *Chitty on Plead., p.* 326.

But the point involved here is not new. Thus, Mr. Gould,

citing *Co. Litt.* 304 *a*, and 1 *Sid.* 10, says : " If in covenant broken the defendant pleads performance on general terms, and the plaintiff replies non-performance of a particular act, a rejoinder that the defendant was ready to perform, and tendered performance, and that the plaintiff prevented it, is a departure from the plea; performance, and tender and refusal being distinct and inconsistent grounds of defence. The matter rejoined should have been pleaded in the first instance." *Gould on Plead.* 455.

In the present case the plaintiffs rest their case upon performance of a preceding covenant. In the case mentioned by Mr. Gould the defendant rested his defence upon the performance of his covenant.

In neither case could the parties in a subsequent pleading shift their ground of attack or defence from performance to an excuse for non-performance.

There should be judgment for the defendants, with costs.