## WEYMOUTH v. BROADWAY & S. A. R. CO.

(Superior Court of New York City, General Term.   March 6, 1893.)

1. BEST AND SECONDARY EVIDENCE.

In an action against a street-car company by a passenger, for personal injuries sustained in being thrown from the front platform of defendant's car and run over, an entry, in a police blotter, of the report of an officer who assisted plaintiff at the accident, is not admissible as proof of what plaintiff said at that time.

2. WITNESS—IMPEACHMENT.

Neither is it admissible to contradict the officer, where it does not appear that his attention has been called to the statements therein, nor to corroborate him, as for this it is hearsay.

3. STREET RAILWAYS—INJURY TO PASSENGERS—INSTRUCTIONS.

Where a notice warning passengers not to get on or off by the front platform "was on both sides of the inside of the car, about the center of the car," but the seats were filled, and persons were standing up, it is proper to charge that the jury "are not entitled to make any unfavorable inference against plaintiff" because of the notice, where it does not appear that, with the seats filled, the alleged notice was visible.

4. SAME—POSTING NOTICE.

It is proper to refuse an instruction that, proof having been given that the notice required by the general railroad act was posted in the car on which the accident to plaintiff happened, and that plaintiff was riding on the front platform and was on the step of the car when injured, the verdict must be for defendant, where defendant has not pleaded the facts which would entitle it to the exemption which it claims that such act allows.

Appeal from jury term.

Action by William T. G. Weymouth against the Broadway & Seventh Avenue Railroad Company for personal injuries sustained in being thrown from the front platform of defendant's car, on which plaintiff was riding as a passenger, and run over.   From a judgment for plaintiff, entered on a verdict, defendant appeals.   Affirmed.

The trial court excluded a police blotter which contained an alleged account of the accident, written down by a sergeant from the account of an officer who assisted plaintiff, which in turn was made from certain pencil memoranda. Defendant offered in evidence the following:

"Warning.

"Regulations of the Broadway and Seventh Avenue Railroad Company.

"Passengers are forbidden to ride on the steps, or to get on or off or occupy the front platform of the car. To occupy the rear platform while there is standing room inside the car. To get on or off the car while in motion. Passengers must get off the rear platform on that side of the car nearest the sidewalk. Children cannot be allowed to ride on either platform. No half fare. Children under five years of age, when accompanied by their parents or guardians, will be carried free. All children occupying seats will be charged full fare. The cars will be stopped at the lower crossing going down, and at the upper crossing going up, town. Passengers are requested to report any incivility on the part of the employes of the company. The company will not be responsible for any accident resulting from violating either of the foregoing rules.                 . H. A. Newell,
                                                                "Supt." .

The court charged the jury that "you are not entitled to make any unfavorable inference against the plaintiff by reason of the testimony that referred to a notice put up in the car, headed, 'Warning,' for the reason, first, that I do not think it is proved that it was in the car, and, in the second place, I do not think that it was in such a situation that a man might read it or know its contents. And again, I do not know that the type was of a kind that it would be likely to reveal its meaning to persons sitting in the car. I noticed that the chief inspector, or perhaps the inspector, who was on the stand when the card was presented to him, in order to read it, or to see anything about it that would indicate to him what it was, had to put his spectacles on."

Section 46 of the general railroad act, under which the defendant contended that plaintiff must be nonsuited, is as follows: "In case any passenger on any railroad shall be injured while on the platform of a car, or on any baggage, wood, or freight car, in violation of the printed regulations of the company, posted up at the time in a conspicuous place inside of its passenger cars then in the train, such company shall not be liable for the injury: provided, such company at the time furnished room inside of its passenger cars sufficient for the proper accommodation of its passengers."

Argued before DUGRO and GILDERSLEEVE, JJ.

Root & Clarke, for appellant.
Redington & Mayor, for respondent.

DUGRO, J.   This is an appeal from a judgment entered upon a verdict.   The trial judge did .not 'err in refusing to allow in evidence that entry in the police blotter.   It was not admissible as proof of' what the plaintiff said, for it was not the best evidence.   That of McLaughlin was certainly better.   It was not admissible to contradict McLaughlin, as his attention had not been called to the statements therein, and it was not admissible to corroborate McLaughlin, as for this it was but hearsay.

There was no error requiring reversal in the charge or refusals to charge.   That part of the charge which referred to the lack of evidence of notice was not erroneous, for it did not appear that the notice was posted up or placed where it could be seen by the plaintiff.   The only evidence upon the point is that "it was on both sides of the inside of the car, about the center of

the car." As the evidence showed that the seats of the car were filled, and persons were standing up, it became material to know with more particularity than is disclosed by the evidence just where the alleged notice was, in order that the jury could say whether or not it was a notice to the plaintiff, or should be considered as such. It does not appear that, with the seats filled, the alleged notice was visible, and a guess is not permissible.

The refusal to charge defendant's request "that, proof having been given that the notice required by the general railroad act was posted in the car on which the accident to the plaintiff happened, and that plaintiff was riding upon the front platform and was upon the step of the car when injured," etc., was not error, as the defendant had not pleaded the facts which would entitle it to the exemption which it claims that the act in question allows. The evidence required the submission of the questions of negligence and contributory negligence to the jury.

Upon the whole case the judgment should be affirmed, with costs.