*Charles A. Wilson, Thomas A. Jenckes and William J. Brown*, for respondents.

---

CHARLES P. WHIPPLE *et al. vs.* THE UNITED FIRE INSURANCE COMPANY.

PROVIDENCE—OCTOBER 16, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

In declaring on a contract of insurance all that is necessary is to set forth so much of the contract as will show a right to recover.

The various limitations of a policy which are in the nature of conditions subsequent, and go to defeat the liability of the insurer, are matters of defence, and have no place in the declaration.

Acceptance of a policy is tantamount to an agreement to comply with a stated condition to pay such additional cash premiums as might be properly assessed by the insurance company.

ASSUMPSIT on an insurance policy. Heard on demurrer to the declaration.

MATTESON, C. J. The defendant criticises the declaration because the plaintiffs have not averred and negatived the several provisions contained in the policy which are in the nature of conditions subsequent, the existence of the facts

creating which would avoid the policy. All that is necessary, however, for a plaintiff to do in declaring on a contract of insurance is to set forth so much of it as will show a right to recover. 2 May Ins. § 589 ; 2 Greenl. Ev. 13 ed. § 376. hence it follows that the various limitations, conditions and stipulations of a policy which are in the nature of conditions subsequent, and go to defeat the liability of the insurer, are matters of defence, and have no place in the declaration. *Lounsbury* v. *Protection Insurance Co.*, 8 Conn. 459.

The objection is also taken that it appears by the policy that it was a condition of it that the insured, or their legal representatives, should pay, in addition to the cash premium, such sums as might be assessed by the directors of the defendant, pursuant to the laws of the State, but not to exceed three times the amount of the cash premium, and that it does not appear in the declaration that such agreement was made by the plaintiffs. The agreement, however, being made a part of the consideration for the policy, and a condition of it, the acceptance of the policy was tantamount to such an agreement ; and, moreover, the declaration avers that the plaintiffs have in all things kept, fulfilled and performed all conditions and things on their part to be kept, fulfilled and performed, to entitle them to recover on the contract. *Tripp & Bailey* v. *Vermont Life Insurance Co.*, 55 Vt. 100.

Demurrer overruled, and case remitted to the Common Pleas Division for further proceedings.

*J. Jerome Hahn*, for plaintiff.

*John T. Blodgett*, for defendant.