# WESTERN RECIPROCAL UNDERWRITERS' EXCHANGE v. COON.

No. 2569.   Opinion Filed April 29, 1913.

Rehearing Denied July 15, 1913.

(134 Pac. 22.)

1.  PLEADING—Departure in Reply—Insurance. The assured declared on certain insurance policies, alleging that he had performed all the conditions imposed upon him thereunder. The assurer answered by general denial, and, further, pleaded a forfeiture. The assured, by reply, pleaded specially facts constituting a waiver or estoppel on the part of the assurer as to the provision contained in said policies, to the effect that they should be void and become forfeited "if the subject of the insurance * * * be or become incumbered by a chattel mortgage." Held, that said provision related to a condition subsequent, and the pleading of such facts by reply did not constitute a departure.

2.  INSURANCE—Action on Policy—Prematurity. In each policy it being provided, in effect, that no liability would attach in favor of the assured until 60 days after the notice, ascertainment, estimate, and proof of loss had been furnished to the assurer, and the action having been commenced prior to the expiration of said time, but after such expiration the assured having amended his petition, showing the time of the presentment of such proof of loss, and that such period had elapsed, the assurer then answering, denying liability on several grounds, the action was not then premature, but properly maintainable on the amended petition.

3.  SAME—Compliance with Iron-Safe Clause—Sufficiency of Evidence. As the evidence introduced on the trial reasonably tended to show that the assured has reasonably and substantially complied with the iron-safe clause provision of the policy, the same is sufficient to sustain on that issue a finding in favor of the assured.

4.  SAME — Waiver of Forfeitures — Acts of Adjuster. An adjuster for an insurance company is authorized to waive forfeitures in an insurance policy.

    (a)  The same rule applies to an assistant adjuster performing the duties of a chief adjuster, unless his authority is limited, to the knowledge of the assured.

    (b)  Held, under the facts disclosed by the record, that the knowledge of the adjuster in adjusting the loss and carrying on

Western Reciprocal Underwriters' Exchange v. Coon.

the arrangements, by which deductions were made from the original policies and the same policies as reduced contained in force thereafter for such amounts, bound the company, and under the finding of the jury created an estoppel.

(Syllabus by the Court.)

*Error from District Court, Garvin County;*
*R. McMillan, Judge.*

Action by A. D. Coon against the Western Reciprocal Underwriters' Exchange. Judgment for plaintiff, and defendant brings error. Affirmed.

*Burwell, Crockett & Johnson,* for plaintiff in error.
*J. B. Thompson,* for defendant in error.

WILLIAMS, J. The defendant in error, as plaintiff, sued the plaintiff in error, as defendant, to recover the sum of $3,000 on three insurance policies covering the following items: (1) $1,000 on a stock of merchandise, consisting of drugs, druggists' sundries, patent medicines, books, musical instruments, jewelry, watches, etc.; (2) $500 on his store and fixtures and office furniture, and $500 on his stock of merchandise; and (3) $500 on his store and office furniture and fixtures, and $500 on his stock of merchandise.

In *St. Paul Fire & Marine Ins. Co. v. Mountain Park Stock Farm Co.,* 23 Okla. 79, 99 Pac. 647, by this court, the assured, in an action on an insurance policy, alleged that it "had fully complied with all the terms and conditions of said policy on its part." The assurer answered that the assured had not complied with that condition requiring proof of loss within 60 days. For reply the assured admitted the allegation, and pleaded facts sufficient to constitute a waiver. It was held that the allegation of the reply constituted a departure. The policy sued on provided that "the insured shall within sixty days after loss make proof of same to the insurance company, and that a failure to do so within that time shall cause a forfeiture of any claim under such policy."

In *Merchants' & Planters' Ins. Co. v. Marsh,* 34 Okla. 453, 125 Pac. 1100, 42 L. R. A. (N. S.) 996, by Supreme

Court Commission Division No. 2, it was alleged "that more than sixty days have elapsed prior to the commencement of this suit, after sufficient proof of the loss and damage by fire as aforesaid, and that the plaintiff has duly complied with all the terms and conditions of said policy to be kept or performed." The defendant answered, pleading that the assured had violated the clause "prohibiting additional insurance without consent of the company indorsed on the policy, also that a portion of the goods insured had been removed from the premises without such consent, and also that the title to the property was not as stated in the policy. * * *" To this answer the assured replied, pleading facts constituting a waiver or estoppel.

In *Springfield Fire & Marine Ins. Co. v. Halsey,* 34 Okla. 383, 126 Pac. 237, by Supreme Court Commission Division No. 2, it was alleged that "plaintiff had complied with all the conditions precedent to an action, and that defendant had refused payment of said policy." The defendant answered by general denial of thee allgations in the petition, and further pleaded a breach of the terms and conditions of the policy, in that assured had failed to take inventories and keep same as provided by the policy, and had failed to keep such books and inventories in a fireproof safe, as were provided for in said policy, and that by reason of plaintiff's failure to keep such books and inventories in a fireproof safe as had been provided for and agreed upon in said policy, he had violated the express terms of said policy, and forfeited his right to recover under same. The assured by reply pleaded facts constituting a waiver.

In *Gage v. Connecticut Fire Ins. Co. of Hartford, Conn.,* 34 Okla. 744, 127 Pac. 407, by Supreme Court Commission Division No. 1, the assured alleged general performance by him of the duties imposed under the contract. The assurer by answer pleaded "various breaches by the plaintiff of the conditions in the contract." The reply pleaded facts constituting a waiver or estoppel.

In *St. Paul Fire & Marine Ins. Co. v. Mountain Park Stock Farm Co., supra,* no authorities are cited as to the

question of departure, and the subsequent cases by the two divisions of the Commission merely follow the case. In none of these cases is it disclosed by the statements of facts whether the alleged breaches were by provisions of the insurance contracts, made conditions precedent. In the amended petition, in the case at bar, it was alleged that "on or about the 1st day of December, 1909, within fifteen days after the loss and damage * * * the plaintiff made proper proof of loss and damage in writing * * * that he has fully performed his part of the contract." This amended petition was filed over 60 days after said proof of loss was presented to the assurer, to wit, April 23, 1910. In the reply the assured states that he "admits that the property covered by the policy of insurance, attached to and made a part of plaintiff's petition herein, was incumbered and mortgaged. He admits that a small part of said property, to wit, one Herring-Hall-Marvin safe, one eight foot jewelry salesman showcase, one six foot silent salesman showcase, one four foot cigar silent salesman case, one national cash register, were mortgaged to the Alexander Drug Company, of Oklahoma City, Okla., to secure the payment of a note dated Stratford, Okla., June 30, 1909, and due four months after date, for the sum of $283.64; but plaintiff alleges and shows to the court that at the time he took out the policy of insurance the agent of the company was informed of said fact, and wrote the policy and delivered to this plaintiff with full knowledge thereof. The plaintiff, therefore, says that having issued said policy with full knowledge of the incumbrance thereon, as hereinbefore set forth, the defendant waived the provisions of its said contract and is now estopped to set up and plead the same as a defense against plaintiff's cause of action herein."

The answer by assurer pleaded a certain provision of the insurance contract, that "if the subject of the insurance be personal property, and be or become incumbered by a chattel mortgage," the policy shall be void, and alleged that the property covered by the contract sued on was incumbered

and mortgaged, and by reason of that fact the insurance contracts became forfeited, and the assured was not entitled to recover in the action. Obviously, as pleaded, this was a condition subsequent. The following cases hold that where facts constituting a waiver, estoppel, or excuse for the nonperformance of a condition precedent are pleaded by way of reply, when the same are required to be pleaded in the declaration or petition, a departure from the original pleading result: *Murray v. Bright et al.*, 9 Ky. (2 A. K. Marsh.) 146; *Pollard v. Taylor*, 5 Ky. (2 Bibb) 234; *Lanitz v. King*, 93 Mo. 513, 6 S. W. 263; *Pier v. Heinrichoffen*, 52 Mo. 333; *Trainor v. Worman*, 34 Minn. 237, 25 N. W. 401; *First National Bank v. Hatch*, 78 Mo. 24; *Nichols v. Larkin*, 79 Mo. 265; *Potts v. The Point Pleasant Land Co.*, 47 N. J. Law, 476, 2 Atl. 242; *Eidlitz v. Rothschild*, 87 Hun. 243, 22 N. Y. Supp. 1047; *Houghton v. Jewett*, 2 Tyler (Vt.) 183; *Watson v. Joslyn*, 29 Vt. 455.

Under our Code the petition must contain "a statement of facts constituting the cause of action, in ordinary and concise language, and without repetition." Section 5627, Comp. Laws 1909 (Rev. Laws 1910, sec. 4737). An answer may contain "(1) a general or specific denial of each material allegation of the petition controverted by the defendant. (2) A statement of any new matter constituting a defense, counterclaim or set-off, or a right to relief concerning the subject of the action, in ordinary and concise language, and without repetition." Section 5634, Comp. Laws 1909 (Rev. Laws 1910, sec. 4745).

"When the answer contains new matter the plaintiff may reply to such new matter, denying, generally or specifically, each allegation controverted by him; and he may allege, in ordinary and concise language, and without repetition, any new matter not inconsistent with the petition, and constituting a defense to such new matter in the answer; or he may demur to the same for insufficiency, stating, in his demurrer, the ground thereof; and he may demur to one or more of such defenses set up in the answer, and reply to the residue."

(Section 5642, Comp. Laws 1909 [Rev. Laws 1910, sec. 4753]).

"If the reply to any defense set up by the answer be insufficient, the defendant may demur thereto, stating the grounds of such demurrer." (Section ·5643, Comp. Laws 1909 [Rev. Laws 1910, sec. 4754]).

"In pleading the performance of conditions precedent in a contract, it shall be sufficient to state that the party duly performed all the conditions on his part; and if such allegation is controverted, the party pleading must establish on the trial the facts showing such performance." (Section 5652, Comp. Laws 1909 [Rev. Laws 1910, sec. 4773]).

. If the facts pleaded as a waiver may be regarded as evidence of the performance of the conditions precedent, the general allegation in the petition of performance of the conditions imposed by the contract seems to be all that is essential. The pleading of the same in the reply is surplusage, and may be rejected. *Glens Falls Ins. Co. v. Porter*, 44 Fla. 568, 33 South. 473; *Jones v. Fidelity Loan & Trust Co.*, 7 S. D. 122, 63 N. W. 553; *Walker v. Fleming*, 37 Kan. 171, 14 Pac. 470.

In *Russell & Co. v. State Ins. Co.*, 55 Mo. 585, it is said:

"Nor has the practice act changed this as a rule of evidence, and required a special averment of waiver. The practice act was designed to promote a more liberal construction of pleadings, * * * for in section 42 (Wagn. Stat. p. 1020) it is declared that 'in pleading the performance of a condition precedent in a contract, it shall not be necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part'; and so I presume if he avers the performance of any specified condition, as well as a general allegation of performing all the conditions, he is not bound to state specifically how and in what time he has performed them. The proof of waiver in this case is not an excuse for nonperformance at all; it is proof of performance, within the meaning of the condition. *St. Louis Ins. Co. v. Kyle*, 11 Mo. 278 [49 Am. Dec. 74]."

In the latter case it is said:

"Several defects in the preliminary proof, which may. be supplied, if · objections are made by the underwriters in time, may well be regarded as waived, when the underwriters put their refusal to pay distinctly on some other ground. Nor do I perceive any objection to such evidence on the ground that the pleadings involve a different issue. It is merely evidence of a performance. It is not the case of a substitution of a new contract for the old one; it is not an excuse for nonperformance, by the prevention or discharge of the defendants; but it is evidence of performance. The party for whose benefit the condition is inserted is presumed to understand its import, and his acceptance is the strongest evidence that the act agreed to be done has been done according to contract."

To the same effect see *Levy v. Peabody Ins. Co.,* 10 W. Va. 560, 27 Am. Rep. 598, and authorities therein cited; *Zielke v. London Assurance Corporation,* 64 Wis. 442, · 25 N. W. 436; *Foster v. Fidelity & Casualty Co.,* 99 Wis. 447, 75 N. W. 69, 40 L. R. A. 833; *Pennsylvania Fire Ins. Co. v. Dougherty,* 102 Pa. 568; *Stephens v. Union Assurance Society,* 16 Utah, 22, 50 Pac. 626, 67 Am. St. Rep. 595; *West v. Norwich Union Fire Ins. Society,* 10 Utah, 442, 37 Pac. 685; *Burr v. Buskirk,* 3 Cow. (N. Y.) 263. As in the case at bar, where a condition subsequent is pleaded in the .reply, the assured having declared on an insurance contract, and alleged full performance of all conditions on his part, a departure does not exist. *Tillis v. London & Liverpool & Globe Ins. Co.,* 46 Fla. 268, 35 South. 171, 110 Am. St. Rep. 89, and authorities therein cited; *Lounsbury v. Protection. Ins. Co.,* 8 Conn. 459, 21 Am. Dec. 686.; *Tripp & Bailey, Adm'rs, v. Vermont Life Ins. Co.,* 55 Vt. · 100; *Standard Accident Ins. Co. v. Friedenthal,·* 1 Colo. App. 5, 27 · Pac. 88; *Virginia Fire & Marine Ins. Co. v. Saunders,* 86 Va. 969, 11 S. E. 794.

In *Tillis v. Liverpool & London & Globe Ins. Co., supra,* the· fact as to pleading the performance of the conditions imposed by the policy in the declaration, and the breach of the iron-safe clause in the answer, and by way of reply facts sufficient to constitute an estoppel were pleaded. In the opinion it is said:

"The defendant in error contends that the declaration alleges performance of all things to be performed by the plaintiff in general terms; that the pleas traverse this general allegation by alleging specifically nonperformance of the iron-safe clause; that the replications, instead of denying the allegations of the pleas, admit them, and set up excuses for nonperformance though the declaration alleges performance, and therefore the replies constitute departures. * * * In order to determine whether the replications constitute departures in pleading it will be necessary to ascertain what allegations of the declaration were material, treating it as a declaration upon the policy. In declaring upon an insurance policy it is not necessary to allege performance of promissory warranties or conditions subsequent, but only of conditions precedent, which may, under section 1045, Revised Statutes, be by a general averment. Promissory warranties and conditions subsequent are matters of defense, to be pleaded by the defendant, and it is not necessary that the plaintiff anticipate such defense and negative them by averring performance. *Redmen v. Aetna Ins. Co.,* 49 Wis. 431, 4 N. W. 591; *Chambers v. Northwestern Mut. Life Ins. Co.,* 64 Minn. 495, 67 N. W. 367 [58 Am. St. Rep. 549]; *Forbes v. American M. L. I. Co.,* 15 Gray, 249; s. c., 77 Am. Dec. 360; *Johnston v. Northwestern Live Stock Ins. Co.,* 94 Wis. 117, 68 N. W. 868; *Ins. Co. v. Crunk,* 91 Tenn. 376, 23 S. W. 140; *Whipple v. United States Fire Ins. Co.,* 20 R. I. 260, 38 Atl. 498; 2 May on Insurance, sec. 590; 4 Joyce on Ins., sec. 3684. The iron-safe clause in this case was a promissory warranty in the nature of a condition subsequent, and it was not necessary to allege a compliance with its terms in the declaration. *Western Assur. Co. v. Redding,* 68 Fed. 708 [15 C. C. A. 619]; *Kingman v. Lancashire Ins. Co.,* 54 S. C. 599, 32 S. E. 762; *Copeland v. Western Assur. Co.,* 43 S. C. 26, 20 S. E. 754. In *Levy v. Peabody Ins. Co.,* 10 W. Va. 560 [27 Am. Rep. 598], it was even held that an allegation that plaintiff had on his part performed all conditions of the policy meant conditions that had not been waived, and that if defendant pleads that a certain specified condition has been violated by the plaintiff, plaintiff may reply a waiver. It is not necessary to approve the rule laid down in the West Virginia case, as under the principles announced above the allegations of the declaration in regard to performance must be construed with respect to conditions precedent, and as compliance with the iron-safe clause is not a condition

precedent, but a promissory warranty in the nature of a condition subsequent, it is not embraced within the allegations of performance contained in the declaration. *Kingman v. Lancashire Ins. Co., supra.* Even if we construe the declaration as alleging performance of that clause, such allegation may be rejected as surplusage. *Glens Falls Ins. Co. v. Porter,* 44 Fla. 568, 33 South. 473. It results therefore, that as a breach of the iron-safe clause was a matter of affirmative defense to be set up by plea, and not a condition precedent, performance of which was required to be averred in the declaration, it was entirely proper for the plaintiff to reply a waiver, as by so doing he was not departing from the allegations of the declaration in any material matter.  1 Chitty on Pleadings, 674."

*American Insurance Co. v. McLanathan,* 11 Kan. 533, is in harmony with *Tillis v. Liverpool & London & Globe Ins. Co., supra.* In *Baker v. Long,* 17 Kan. 341, and *Johnson v. State Bank of Seneca,* 59 Kan. 250, 52 Pac. 860, a different cause of action from that stated in the petition was set up in the reply. The facts pleaded in the reply set out a condition subsequent. Obviously no departure resulted.

2.  Was the action prematurely commenced?  It appears that proof of loss was furnished December 1, 1909. The action was commenced on January 26, 1910. The defendant demurred on the grounds: (1) No cause of action stated; (2) no legal capacity to sue; and (3) court had no jurisdiction of the action.  An amended petition was filed after 60 days had elapsed from the time proofs of loss were furnished. This appears from the averments of the amended petition.

In *Dixon v. State Mutual Ins. Co.,* 34 Okla. 624, 126 Pac. 794, by Supreme Court Commission Division No. 2, it was held that where an insurance policy provided that "the loss should not become payable until 60 days after the notice, ascertainment, estimate, satisfactory proof and adjustment of loss herein required have been received by this company, including an award by arbitrators when arbitration has been required," suit is premature when commenced before the expiration of 60 days from the time proofs of loss

have been furnished the company, unless waived. To the same effect, also, see *Commercial Union Assurance Co., Ltd., of London, v. Shults,* 37 Okla. 95, 130 Pac. 572, by the same division of the commission. The filing of the amended petition after the expiration of the 60 days from the time of the furnishing of the proof of loss cured such defect. *Foley v. Houston Co-Operative & Mfg. Co.* (Tex. Civ. App.) 106 S. W. 160; *Burns et al. v. True,* 5 Tex. Civ. App. 74, 24 S. W. 338; *Fire Asso. of Philadelphia v. Colgin* (Tex. Civ. App.) 33 S. W. 1004; *Franklin Ins. Co. v. McCrea,* 4 G. Greene (Iowa) 229; *Gribben v. Clement et al.,* 141 Iowa, 144, 119 N. W. 596, 133 Am. St. Rep. 157; *Buhrmeister v. Buhrmeister et al.,* 10 Cal. App. 392, 102 Pac. 221. This is in harmony with the holding of this court in *Citizens' State Bank of Lawton v. Chattanooga State Bank of Chattanooga et al.,* 23 Okla. 767, 101 Pac. 1118. There the question arose as to whether, in a replevin action for the possession of chattels, the original taking not having been tortious and wrongful, a demand for possession was essential to maintain the action. Demand was for the benefit of the defendant, where the taking was not wrongful, that he might not be mulcted in unnecessary costs. By tendering the property to plaintiff he would be entitled to recover his costs against the plaintiff. Obviously the provision that no demand shall accrue or mature under the policy until 60 days after the proofs of loss are furnished was that the assurer should have this time in which to discharge the liability. Though the action is brought before such time has run, yet after the petition is amended setting up such fact, and the defendant then answers and contests the right of the plaintiff to recover on the ground that no liability whatever exists, the suit will not then be abated. The question of costs does not arise in this case.

3. Is the policy void on account of the violation of the iron-safe clause? We quote from the evidence as follows:

"Q. Now, Mr. Crawford, Mr. Coon kept this book himself, didn't he; that is his writing and his entries? A. Well,

the most of them are; yes, sir. Some of that is mine. Q. You helped him at nights; you gave him at nights the amounts that you had collected, and took in in cash, and the amounts you had taken in accounts, didn't you? A. Well, you mean what he collected? Q. What had been collected. 'A. I always put that down on the daybook, and he got them. Q. And he knew what was collected? A. Yes, sir. Q. And the very amount of cash that was collected was turned in, and he knew how much of it was collected on account? A. I suppose so. I didn't pay so much attention to that. It was his business. Q. You know the cash sales here represented the sales for cash during the day, don't they? A. Well, I would say they represented the cash took in that day. Q. Well, that represented the cash taken in for goods sold that day, not for collections made on sales prior to that time; you didn't include in your cash sales. A. I think that meant the cash taken in. Q. You didn't keep this, and you don't know whether it meant that or not? A. No, I don't know for certain. * * * Q. Mr. Coon, refer to these cash sales beginning August 20, 1909. Look at them from August 20th, all the way down, and see whose handwriting during August and September and October all those indorsements are? A. Every bit of it mine. Q. In your handwriting? A. Yes, sir. Q. I will ask you to state to the jury whether or not those cash sales as shown there on that book include anything except goods sold for cash during those days? A. That is all."

The evidence further shows that whilst the money collected on credit sales was put in the cash register, it was registered as collections on account, and at night the same would be properly applied by entries showing the total amount received that day, not only on cash sales, but also on credit sales. The record discloses that one of the witnesses became confused on the trial as to these matters. On the whole, however, we think the matter was a question of fact for the determination of the jury. That fact under proper instructions was determined against the assurer. *Home Ins. Co. v. Ballard,* 32 Okla. 723, 124 Pac. 316; *Prudential Fire Ins. Co. v. Alley,* 104 Va. 356, 51 S. E. 812; *Western Assur. Co. v. McGlathery,* 115 Ala. 213, 22 South. 104, 67 Am. St. Rep.

26; *First National Bank of Hubbard v. Cleveland et al.,* 36 Tex. Civ. App. 478, 82 S. W. 337; *Western Assur. Co. v. Redding,* 68 Fed. 708, 15 C. C. A. 619.

. 4. Was the policy forfeited by reason of the existence of a chattel mortgage on part of the chattels covered by the policies? Each policy contains the following clause:

"The entire policy shall be void if the subject of insurance be personal property and the same be or become incumbered by a chattel mortgage."

It was pleaded and proved in the reply that an adjuster had been sent to "settle and adjust such loss; that at said time and prior to the adjustments and settlement of such loss, the plaintiff fully informed the adjuster of the defendant company of such mortgage, the amount thereof, to whom executed, the property covered thereby, and to whom executed; that with full knowledge of all these facts the said adjuster proceeded to and did adjust and settle such loss, and the amount of such adjustment was deducted from the face of said policies, and the policies were continued in force" (for the balance of the face value of the policies less reduction).

In *St. Louis & S. F. R. Co. v. Ladd,* 33 Okla. 160, 124 Pac. 461, it was held that:

"Where there is evidence tending to show that the freight claim agent of a common carrier receives a claim for damages to a shipment of live stock after the time limited by a clause of the shipping contract requiring notice, which has not been complied with by the shipper, has expired, treats it as pending, and then rejects it on other grounds, the question of whether the carrier intends to waive the notice clause as a defense is a question of fact for the jury."

In the opinion it is said:

"Mr. Elliott, in his work on Railroads (2d Ed.) sec. 1514, states the general rule as follows: 'A stipulation limiting the liability of the carrier, or fixing the time and manner of giving notice or presenting claims, may be waived by the carrier impliedly, by conduct, as well as expressly. Thus where a claim is received and acted upon, after the expiration of the time limited, without any objection on that account, the carrier may be deemed to have waived the benefit of the

limitation as to the time for presenting it.' A great many authorities are cited in support of the text. Hutchinson on Carriers (3d Ed.) sec. 444, cites *McFall v. Railroad Co.,* 117 Mo. App. 477, 94 S. W. 570, in support of the proposition that, 'where the carrier receives a claim after the time limited for presentment has expired, treats it as pending, and then rejects it on other grounds, he will be deemed to have waived his right to notice within the time limited.' * * * A great many of the courts cite insurance cases as applicable to cases of this kind, among which may be mentioned *Illinois Cent. R. Co. v. Bogard et al.,* 78 Miss. 11, 27 South. 879; *Lasky v. So. Exp. Co.,* 92 Miss. 268, 45 South. 869; *Bushnell v. Wabash R. Co.,* 118 Mo. App. 618, 94 S. W. 1001. If insurance cases are in point, and we know no reason why they are not, a great many additional authorities may be cited in support of the conclusion reached. One case, however, will be sufficient to illustrate the general trend. In *Northern Assurance Co. v. Grand View Bldg. Ass'n,* 183 U. S. 308, 22 Sup. Ct. 133, 46 L. Ed. 213, the court said: 'The conditions mentioned in the policy could, of course, be waived by the company, either before or after they were broken. They were inserted for its benefit, and it depended upon its pleasure whether they should be enforced.' "

The weight of recent authorities is that an adjuster has power to waive forfeitures. 3 Cooley's Brief on Insurance, sec. 2487; *Georgia Home Ins. Co. v. Allen,* 119 Ala. 436, 24 South. 399; *First National Bank v. Manchester Fire Assur. Co.,* 64 Minn. 96, 66 N. W. 136; *Gibbs v. Dutchess County Mut. Ins. Co.,* 66 Hun. 632, 21 N. Y. Supp. 203; *Dick v. Equitable Fire & Marine Ins. Co.,* 92 Wis. 46, 65 N. W. 742; *German American Ins. Co. v. Yellow Poplar Lumber Co.,* 84 S. W. 551, 27 Ky. Law. Rep. 105, and authorities therein cited; *Home Mut. Ins. Co. v. Nichols et al.* (Tex. Civ. App.) 72 S. W. 440; *Mackintosh v. Agricultural Fire Ins. Co.,* 150 Cal. 440, 89 Pac. 102, 119 Am. St. Rep. 234.

The same rule applies as to an assistant adjuster performing the duties of a chief, unless his authority is limited, to the knowledge of the insured. *Van Cleave v. Union Casualty & Surety Co.,* 82 Mo. App. 668, and authorities therein cited.

In *Hale et al. v. Van Buren, Heck & Marvin Co.,* 24 Okla. 13, 103 Pac. 1026, a similar question as to the forfeiture of a contract was considered by this court:

"The contract provided that the ditcher was to be constructed and warranted in compliance with letter of August 27th, to S., and letter of September 7th, to H., and also in a subsequent clause therein it was provided that 'the machinery furnished under the above order shall be made of good material, well constructed, and with proper use and management will do more and better work than any machine of its class; if inside of six days from the day of its first use it shall fail in any respect to fill this warranty, written notice shall be given by the purchaser to the V. B., H. & M. Company, at its home office, Findlay, Ohio, by registered letter, * * * stating particularly what parts and wherein it fails to fill the warranty. * * * Local agents and salesmen have not general agency powers. * * * Mechanical experts are not agents, and have no authority to bind the company by any contract or statement whatever, or to vary any terms or waive any condition of any contract, except they bear written order from the manager.' "

S., a mechanical expert, was sent by the V. B., H. & M. Company to install said machine. He was authorized to make settlements, including the making of allowances, deductions for counterclaims on account of all the fixtures not being sent, to do the mechanical work, and receive money under said contract, received notices, or any notice of any defect or breakage in the machine, whilst he was present installing or operating the same, and, if upon examination he discovered any defects, he was to repair or make the same right. Held that said S. was such an agent that notice to him, notwithstanding the limitation as to authority of agents imposed by said contract, was notice to the company, and a waiver of a breach or forfeiture of said contract by him bound the company. This case is cited with approval in *Port Huron Engine & Thresher Co. v. Ball,* 30 Okla. 11, 118 Pac. 393.

It follows that such forfeiture, even after the loss, may be waived by the assurer through its adjuster. There is no

complaint that this question was submitted to the jury under improper instructions.

5.   By waiver or estoppel it was pleaded in the reply and proved that prior to the time of the fire under which the loss is claimed, another fire occurred, to wit, on September 8, 1909, which damaged the property covered by the policies sued on; that the assured gave notice of this damage, and the insurance company sent an adjuster by the name of Tullis to settle the loss; that in the course of its adjustment the plaintiff informed the adjuster of the mortgage, telling him what it covered, to whom it was given, the date and the amount it secured; that after the adjustment of said loss the amount thereof was deducted from said policies, and indorsements placed thereon by said adjuster showing such deductions, and the following indorsements, after the adjuster had this information, were made by the manager, to wit:

"This insurance shall be made to cover also all jewelers' material specified in stock.   Attached to and made a part of Policy No. 4487 at the Western Reciprocal Underwriters of Oklahoma City, Oklahoma, this 28th day of September, 1909. J. M. Campbell, Mgr."

A like indorsement was attached to all the policies sued on.   An additional indorsement was attached to one of the policies, which is in words and figures as follows, to wit:

"Whereas a fire occurred on September 8, 1909, which damaged the property covered by this policy to the extent of $41.70 (forty-one dollars and seventy cents), which amount was paid the insured, this policy is hereby reduced to the sum of nine hundred fifty-eight dollars and thirty cents ($958.30), which shall constitute the full amount for which this policy is liable to the insured, this September 25, 1909."

After the adjuster had knowledge of the mortgage, these indorsements were made or attached to the policies and mailed by the manager to the assured to be attached by him.

In *Insurance Co. of North America v. Little*, 34 Okla. 449, 125 Pac. 1098, it was held:

"When a local agent of a fire insurance company, who has the power to accept a risk and deliver the policy of insurance, at and prior to the time of the delivery of the policy, is advised and has full knowledge of the fact that a portion of the property insured is incumbered by a chattel mortgage, and with that knowledge accepts the premium and delivers the policy, such policy is binding upon the company notwithstanding it contains a provision that none of the company's officers or agents can waive any of its provisions, except in writing indorsed on the policy."

See, also, *Western National Ins. Co. v. Marsh,* 34 Okla. 414, 125 Pac. 1094, 42 L. R. A. (N. S.) 991.

Obviously the knowledge of the adjuster in adjusting the loss and in carrying on the arrangements by which the deductions were made from the original policies, and the same as reduced being then continued thereafter in force for the amounts, the knowledge that came to such adjuster in such negotiations as to the mortgage on the property was binding upon the companies.

The judgment of the lower court is affirmed.

All the Justices concur.