## EGAN v. VOWELL et al.

No. 8211—Opinion Filed Aug. 14, 1917.

(167 Pac. 205.)

1. **Abatement and Revival — Premature Commencement of Action — Waiver of Objection.**

Objection that suit is prematurely brought is waived, unless presented to the trial court, either by demurrer or answer. Such objection cannot be raised for the first time in this court.

2. **Guardian and Ward — Guardian's Bond —Liability of Sureties.**

Sureties on a guardian's bond are, in the absence of fraud, concluded by the decree of the county court duly entered on a hearing of an accounting or final settlement, as to the amount of the principal's liability, although the sureties are not parties to the accounting.

3. **Same.**

When a guardian files an account and upon the hearing of such account the county court fixes by decree the amount due from the guardian to the ward and decrees a removal of the guardian for gross mismanagement of the estate of the ward and incompetency, the sureties upon such guardian's bond are concluded, in the absence of fraud, by such decree, whether the account so settled by the county court be denominated an annual account or a final account.

4. **Same—Action on Bond—Judgment—Sufficiency of Evidence.**

Evidence examined, and held to be sufficient to sustain the judgment of the trial court.

(Syllabus by Rummons, C.)

Error from District Court, Hughes County; Geo. C. Crump, Judge.

Action by Earl Lafayette Vowell and Joseph Leroy Vowell by their guardian, W. T. Anglin, against James Egan and others. Judgment for plaintiffs, and defendant James Egan brings error. Affirmed.

Harry H. Diamond, for plaintiff in error,

J. L. Skinner and W. T. Anglin, for defendants in error.

Opinion by RUMMONS, C. This is an action commenced by the defendants in error by their duly appointed guardian against Rosa C. Crabtree, nee Vowell, their former guardian, and her sureties, upon her guardian's bond. The parties will be hereinafter designated as they appeared in the court below. The defendant, James Egan, demurred to the petition of plaintiff, which demurrer was overruled, and said defendant failed to except thereto. Said defendant filed his answer, admitting the execution of the bond set out in the petition of plaintiffs, but denying that the district court of Hughes county had any jurisdiction or authority to settle said account of the said Rosa C. Crabtree, nee Vowell, for the reason that said court never obtained jurisdiction of said action. He further denied that said account was a final account upon which plaintiffs could base their action. He then pleaded a set-off or counterclaim against the plaintiffs in the sum of $1,058.91. At the trial defendant Egan was given leave to amend his answer by adding the allegation that said order of the county court was not a final order and void, and fixes no liability upon which the plaintiffs could maintain an action. Plaintiffs had judgment, and defendant Egan brings error.

The record shows that Rosa Crabtree, formerly Vowell, was duly appointed and qualified as guardian of the plaintiffs in the year 1908, and that as such guardian she executed the bond sued upon in this action. On May 4, 1915, she filed a report, purporting to cover her actions as such guardian from the time of her appointment until May 1, 1915. The county court of Hughes county set said report down for hearing, and on May 19, 1915, heard said report, and found that such guardian was indebted to Joseph Leroy Vowel in the sum of $1,761 and to Earl Lafayette Vowell in the sum of $2,081. The court further found upon the testimony of said guardian that she had no money with which to repay said funds, and that she had spent such money. The court further found that said guardian had grossly mismanaged the estate of her wards, and was incompetent to act as such guardian. The court then adjudged said guardian to be indebted to said wards in the sums above mentioned, and ordered that she be removed as such guardian. W. T. Anglin, who was appointed as guardian to succeed her, commenced this action upon her guardian's bond on May 25, 1915.

The first assignment of error presented by the defendant urges that this action was prematurely brought, in that the time for appeal from the orders of the county court adjudging the former guardian to be indebted to her wards and ordering her removed had not expired when this action was commenced. If the cause of action upon the guardian's bond did not mature until the expiration of the statutory time allowed to appeal from the order adjudging the guardian to be indebted to the ward, which we do not concede, yet the defendant is not in a position to take advantage of

that fact in this court, for the reason that such error, if error there be, is not properly before us for review. Objection that an action is premature must be presented in the trial court by demurrer, if it appear upon the face of the petition, or by answer. The defendant did not raise the question of the premature bringing of this suit in his answer. He demurred to the petition, but he failed to except to the overruling of such demurrer, and he does not predicate error in the overruling of such demurrer in his petition in error. The objection urged in the brief of counsel for defendant has therefore been waived. 1 C. J. 1152, § 399; Western Reciprocal Underwriters' Exchange v. Coon, 38 Okla. 453, 134 Pac. 22.

In the next assignment of error the defendant urges that there was not sufficient evidence to sustain the judgment of the trial court. In his petition in error the defendant assigns as error the overruling of his demurrer to the evidence of plaintiff, but the record does not disclose any demurrer to the evidence. However, we have examined the record, and find no merit in this assignment. The defendant bases this assignment upon the theory that the report upon which the county court rendered its judgment finding the guardian indebted to her wards was not a final report of such guardian, but an annual report. It appears from the order of the county court that the guardian was present at the hearing of said report, and that at such hearing she was removed as guardian, so that so far as she was concerned the same was her final report. Brewer v. Perryman, 62 Okla. 176, 162 Pac. 791. In the case of Southern Surety Co. v. Burney, 34 Okla. 552, 126 Pac. 748, 43 L. R. A. (N. S.) 308, it appears that in that case the ward became dissatisfied with her guardian's conduct, filed a petition for an accounting, a citation issued out of the county court, and the guardian was compelled to render an account of his doings as guardian. After the hearing an order was entered finding him indebted to his ward in the sum of $1,570, and directing him to pay said amount at once, and also removing him from his office. Action was brought upon his guardian's bond, and judgment was rendered thereon, which was affirmed by this court. In the syllabus the court says:

"Sureties on a guardian's bond are, in the absence of fraud, concluded by the decree of the county court, duly entered on a hearing on an accounting or final settlement, as to the amount of the principal's liability, although the sureties are not parties to the

accounting." Title Guaranty & Surety Co. v. Slinker, 35 Okla. 128, 128 Pac. 696.

Whether or not this account upon which the county court acted was an annual or a final account is immaterial so far as this case is concerned. The county court found the amount due from the guardian to her wards from the report made by such guardian, and while annual accounts are not conclusive as against the ward, they are practically conclusive against the guardian except as to matters of mistake or omission by oversight. 12 R. C. L. 1154. The accounts of a guardian, whether annual or final, when settled by the probate court, are prima facie evidence of their correctness. The defendant offered no evidence impeaching the correctness of the account settled by the county court, and such account, constituting prima facie evidence, was sufficient evidence to sustain the judgment of the trial court.

In his third assignment of error, counsel for the defendant urges that it does not sufficiently appear that the defendant Rosa C. Crabtree and Rosa C. Vowell, who was appointed guardian of the plaintiff, are one and the same person. The files of the county court in the matter of this guardianship, offered in evidence by the defendant, show that they were signed by the guardian as Rosa Vowell, now Crabtree. In the absence of any evidence disputing the identity of the guardian with the Rosa C. Crabtree, who was made a defendant in this action, the records offered by the defendant are sufficient to support the judgment of the trial court. It is true that this defendant was somewhat inaptly designated, but this inaptness is not sufficient to give any merit to the hypercritical contention made by the defendant.

Finding no error in the record, the judgment of the court below should be affirmed.

By the Court: It is so ordered.