## MERCANTILE TRUST CO. of ILLINOIS v. ROLAND et al.

No. 11828—Opinion Filed Sept. 18, 1923.

**1. Trial—Demurrer to Evidence—Directed Verdict.**

The jury is the sole judge of the facts and the inferences to be drawn therefrom, and where there is any evidence or inferences to be drawn therefrom reasonably tending to sustain a petition stating a cause of action, it is prejudicial error to sustain a demurrer to the evidence, or to direct a verdict for the defendant.

**2. Same.**

Evidence examined, and held, there was sufficient competent evidence to warrant the cause being submitted to the jury, and the court committed reversible error by directing a verdict for the defendant.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Carter County; T. W. Champion, Judge.

Action by the Mercantile Trust Company, a corporation, against Gorman Roland and T. E. Roland. Judgment for defendants upon a directed verdict, and plaintiff brings error. Reversed and remanded.

Potterf & Gray and R. L. Disney, for plaintiff in error.

Bass & Hardy for defendants in error.

Opinion by RUTH, C. This was an action in replevin wherein the Mercantile Trust Company of Illinois, a corporation, as assignee of the Slaughter Motor Company of Ardmore, sought to recover from the defendants a certain Maxwell auto truck purchased by the defendants from the plaintiff's assignor. The parties will be designated as they appeared in the court below

The plaintiff in its petition sets forth that it is a corporation and deals in negotiable paper, and as such corporation it purchased from the Slaughter Motor Company, certain notes and conditional sale contract executed by the defendants, who had purchased from the Slaughter Motor Company one Maxwell auto truck, and plaintiff alleges that it purchased the notes before maturity, for value, and without notice, and that they were the owners and holders thereof at the time of filing suit, and that default had been made in the payment of the notes and that under the terms of the contract the title to the property was not to pass to the defendants until the notes had been paid, and that they had a special ownership in the Maxwell truck and were entitled to its immediate possession, by reason of such default in payment of notes.

To this petition, the defendants filed their general denial and the cause came on to be heard in the district court of Carter county before a jury. It was admitted that the defendants executed the notes and the conditional sale contract, and that two of the notes had been paid, and some nine of said notes remained unpaid, and the due date of said notes had passed prior to the institution of the suit, and default had been made in payment of the notes.

The defendants stated their defense was an implied warranty that the Maxwell truck would do the work for which they intended it, but the evidence of the defendant T. E. Roland disclosed the fact that when he went to purchase the truck, he expressly asked about the warranty to the truck, and was told that they warranted the truck "90 days against defective parts", and it was further shown by the evidence that at the time of the purchase of the truck, the defendants were given a printed book in which a "standard warranty" was printed, in which it set forth that the warranty was for "90 days against defective parts", and the warranty also recited that they made no warranty whatsoever in regard to tires and rims. This warranty was in printed form in the Maxwell book. The evidence of both of the defendants was that after using the truck for some time (just what time they had used the truck they could not say), they noticed the rims were loose and upon being questioned by the counsel they could not state what other part of the car or truck was defective, but one defendant stated that "it wouldn't stand up," and the other defendant testified "it wouldn't hold water," and further testified that they had spent $94.45 for new rims, but could not state what other expenses, if any, they had been put to in repairing the truck. There was no warranty in the conditional sale and no express warranty, save and except as hereinbefore set forth, and upon the introduction of this testimony, both plaintiff and defendants rested, and the plaintiff requested an instructed verdict, which the court refused, and thereupon the defendants moved the court to instruct the jury to return a verdict for the defendants and thereupon the court instructed the jury as follows:

"This is an action in replevin commenced in the district court of Carter county, for the possession of a certain Maxwell truck; the court is going to instruct you to return a verdict in favor of the defendants in this case for the return to them of the automobile in question or its reasonable market val-

ue at the time it was replevied, which has been agreed upon by counsel to have been $300."

To which instruction the plaintiff objected, saved exception, and upon the overruling of the motion for a new trial, this cause comes on regularly here for review. This court has repeatedly held:

"Where, after disregarding all the evidence tending to sustain the defense, there is any evidence from which an inference favorable to plaintiff may be reasonably, although not necessarily, drawn, the court will not invade the province of the jury by withdrawing from it the right to pass on the facts to be deduced from such inference." Sharum v. Sharum, 82 Okla. 266, 200 Pac. 176; Midland Valley Railway Co. v. Rippey, 61 Okla. 4, 161 Pac. 233, and numerous cases not necessary here to cite.

If we apply this principle to the instant case and disregard the evidence tending to sustain this defense of implied or expressed warranty, the plaintiff certainly had made out a prima facie case and proved the execution of the notes and conditional sale and its ownership of same at time of suit brought and that it acquired the same before maturity and for value, and defar't in the payment of the said notes, and the possession of the auto truck by the defendants, and the court is of the opinion that there was sufficient evidence on the part of the plaintiff to warrant the court below in submitting the facts to the jury, and the court committed reversible error in instructing a verdict for the defendants, and for the reasons herein stated, this cause will be reversed, with instructions to grant plaintiff a new trial.

By the Court: It is so ordered.