## BROWN v. HARTFORD FIRE INS. CO.

No. 13430—Opinion Filed Feb. 3, 1925.

Motion to Dismiss and Rehearing Denied March 17, 1925.

(Syllabus.)

1. **Insurance—Fire Policy—Short Form for Farms and Dwellings—Terms Controlling.**

Section 6768, Comp. Stat. 1921, authorizes the issuance of a "short or different form of policy" for farm or dwelling house property to the standard form of policy prescribed by section 6767, Comp. Stat. 1921, and upon the approval thereof by the Insurance Commissioner, the terms of such policy will govern instead of the terms prescribed by statute for the standard form of policy.

2. **Same—Provision for Cancellation.**

Where "the short or different form of policy" is duly approved by the Insurance Commissioner of the state as provided by section 6768, Comp. Stat. 1921, and contains a clause providing for the cancellation of said policy, either by the assured or by the company, same is controlling to the exclusion of section 6704, Comp. Stats. 1921.

3. **Pleading—Conclusiveness of Admissions —Conflicting Testimony.**

Where the testimony of a party is in conflict with his verified pleadings and no motion is made to amend the pleadings to conform to the proof, the solemn admissions in the pleadings will be treated as admitted facts and he will not be heard to question same so long as they remain a part of the record.

**4. Trial—Directed Verdict for Plaintiff Proper.**

Record examined, and held, that from admitted facts contained in defendant's pleadings, the trial court was right in its conclusion that there was no question of fact to be submitted to the jury and properly sustained plaintiff's motion for a directed verdict.

**5. Appeal and Error—Judgment—Correction of Palpable Errors.**

Where a palpable error has occurred in the computation of the amount due, and the same is called to the attention of this court on appeal, it will be corrected and the judgment modified to show the correct amount due.

Error from District Court, Murray County; W. L. Eagleton, Judge.

Action by the Hartford Fire Insurance Company against J. B. Brown. Judgment for plaintiff, and defendant brings error. Modified and affirmed.

Walter E. Latimer, for plaintiff in error.

Young, Haste & Powell, for defendant in error.

HUNT, J. This was an action by the Hartford Fire Insurance Company, a corporation, against J. B. Brown to recover the unpaid portion of the premium alleged to be due on a certain insurance policy. The parties will be referred to as they appeared in the court below.

On December 17, 1912, the plaintiff executed and delivered to the defendant a certain fire and tornado insurance policy for a term of five years. The defendant paid the sum of $53.20 on the premium and executed his note for $428, the balance due on the premium payable in installments of $107 due January 1, 1914; $107 due January 1, 1915; $107 due January 1, 1916, and $107 due January 1, 1917. Said note provided that, in the event either of the installments was not paid at maturity, the entire unpaid balance of the premium should immediately become due and payable. The plaintiff alleges in it original petition that the installment due January 1, 1915, was not paid at maturity and that, therefore, the entire balance due on said note, amounting to $321, was due and payable, and prayed for judgment for said amount together with attorney's fees.

In view of the holding of this court in the case of Shawnee Mutual Fire Insurance Co. v. Cannedy, 36 Okla. 733, 129 Pac. 865, that notes, given for the premium on a fire insurance policy, providing that if either

note is not paid at maturity all of the notes representing the unpaid portion of the premium shall become due, constitute a mere penalty as to the undue portion of the premium and cannot be enforced, the plaintiff, under the amended pleadings, submitted the case on the theory that it was entitled to recover, under the terms of the policy, the short rate, or 70 per cent. off the amount due on the premium represented by the note for $107, maturing January 1, 1915. The court sustained the plaintiff in this contention and rendered judgment accordingly. From this judgment the defendant brings error.

The defendant urged as a defense that he had paid the plaintiff the full amount due on the insurance during the full time the same had been in force, and that under section 6704, Comp. Stats. 1921, he had given the plaintiff notice and requested it to cancel the insurance prior to the time the note for $107 due January 1, 1915, matured, and therefore, said insurance was canceled and he was not indebted to the plaintiff on the unmatured portion of the premium. The plaintiff alleged that the defendant did not notify it to cancel said insurance prior to January 1, 1915, and the plaintiff takes the position that before the defendant could cancel said insurance it was necessary for him to have paid the plaintiff the $107 due on the premium on January 1, 1915, and then the plaintiff, under the terms of the policy, would have refunded to the defendant all but 70 per cent. there f. which is the short rate provided by the policy for the cancellation of this class of insurance.

Section 6768, Comp. Stats. 1921, authorizes the issuance of a "short or different form of policy" for farm or dwelling house property to the standard form of policy prescribed by section 6767, Comp. Stats. 1921. and upon the approval thereof by the Insurance Commissioner, the terms of such policy will govern instead of the terms prescribed by statute for the standard form of policy. The policy in question is not the standard form prescribed by section 6767, Comp. Stats. 1921, but said policy is known as a short form policy authorized by said section 6768, Comp. Stats. 1921, supra. The same was duly approved by the Insurance Commissioner of this state and its provisions respecting cancellation are controlling in this case to the exclusion of section 6704, Comp. Stats. 1921, referred to by both plaintiff and defendant.

The section of the policy relied upon by the plaintiff to support its position is as follows:

"This company reserves the right to cancel this policy or any part thereof, by tendering to the assured the unearned pro rata premium, after due notice to that effect, either by mail addressed to the assured at his, her or their post office address as named in this policy, or otherwise; the assured may also cancel when the premium or note or obligation given for such premium has been actually paid in cash, in which case the company shall retain the usual short rates from the date of the policy up to the time it is received for such cancellation."

The section above quoted provides that said policy may be canceled either by insured or the company. Defendant contends that the policy was canceled prior to January 1, 1915, and the premium for 1914 having been paid in full, he was not liable for any additional premium; while the plaintiff contends that the policy was not canceled until after January 1, 1915, and the policy was therefore in full force and effect on said date, and the premium for said year became due and payable on said date, and plaintiff therefore had a right to collect from the insured the premium on the customary short rate basis from January 1, 1915, to the date of cancellation, to wit, 70 per cent. of the annual premium.

While defendant's testimony is rather indefinite and uncertain as to the exact date he attempted to cancel the policy, his verified answer is more specific and states: "That on the 24th day of December, 1914, he notified plaintiff that he wished to cancel the policy of insurance, * * * and did in a few days forward said policy for cancellation." His verified amended answer also states: "That on the 24th day of December, 1914, he notified plaintiff by letter that he wished to cancel the policy of insurance, * *. * and tendered the same and did on the 25th day of January, 1915, in reply to letters from plaintiff, forward said policy to plaintiff for cancellation." His testimony appears at one place in the case-made to the effect that he sent it "somewhere the last of November or first of December, 1914," and at another place in the case-made, "that he sent it the last of November or first of December, 1915." Where the testimony of a party is in conflict with his verified pleadings and no motion is made to amend the pleadings to conform to the proof, the solemn admissions in the pleadings will be treated as admitted facts and he will not be heard to question same so long as they remain a part of the record. Lee v. Little, 81 Okla. 168, 197 Pac. 449.

The trial court was evidently of the opinion that there was no question of fact to go to the jury, but that the defendant's pleadings in this case clearly showed that the defendant canceled the policy of insurance in accordance with the terms of said policy at a date subsequent to January 1, 1915, and the premuim for 1915 had therefore become due and payable, and the company was therefore entitled to collect the usual short rate from the date to which the policy had been paid, to wit: January 1, 1915, up to the time the policy was received for cancellation, said short rate being 70 per cent. of the annual premium of $107, or $74.90, and upon that theory sustained plaintiff's motion for a directed verdict.

Defendant assigns as error the action of the court in sustaining plaintiff's motion for directed verdict, contending that there was a question of fact that should have been submitted to the jury. We do not agree with plaintiff's contention that by reason of the fact that both plaintiff and defendant moved for directed verdict, the cause was therefore withdrawn from the jury. This court has previously held to the contrary in a well considered case by Mr. Justice Williams, Farmers' National Bank of Tecumseh v. Mc-Call. 25 Okla. 600, 106 Pac. 866, which ruling was followed in the cases of Taylor v. Wooden, 30 Okla. 6, 118 Pac. 372; Midland Valley Ry. Co. v. Lynn, 38 Okla. 695, 135 Pac. 370.

From an examination of the entire record, however, and in view of the authorities cited, we are clearly of the opinion that the trial court was right in its conclusion that there was no question of fact to go to the jury, and therefore properly sustained plaintiff's motion for a directed verdict. It appears from the record that an error has occurred in the computation of the amount due, the same being called to the attention of this court by defendant in error, in their brief, and where such palpable error occurs in the computation of the amount due and the same is properly called to the attention of this court on appeal, it will be corrected and the judgment modified to show the correct amount due.

The judgment is therefore modified to show the sum of $74.90, instead of $69.34, as found by the trial court, and as modified, the judgment is affirmed, and judgment is also rendered for said amount against D. F. Self, surety on the appeal bond, proper request being made therefor in brief of defendant in error.

BRANSON, V. C. J., and HARRISON,

PHELPS, LESTER, CLARK, and RILEY, JJ., concur.

NICHOLSON, C. J., disqualified and not participating.

MASON, J., absent and not participating.

Note—See under (1) 26 C. J. p. 71; (2) 26 C. J. p. 145: (3) 31 Cyc. p. 87; (4) 38 Cyc. p. 1574; (5) 4 C. J. p. 1157.