## DEEP ROCK OIL CORPORATION et al.
## v. FOX.

No. 25435. Sept. 15, 1936.

Rehearing Denied Dec. 22, 1936.

J. S. Ross, S. J. Clay, and James H. Ross, for plaintiffs in error.

O. A. Cargill and W. R. Graalman, for defendant in error.

CORN, J. The plaintiffs in error were the defendants in the lower court and the defendant in error the plaintiff. The parties will hereinafter be referred to as they appeared in the trial court.

The plaintiff herein was, on the 9th day of March, 1932, riding his motorcycle north on Hudson street in Oklahoma City, and a car owned by the defendant W. I. Williams was being driven south on Hudson street on the wrong side of the street by Morris Brien, an employee of the Deep Rock Oil Corporation, a codefendant, who attempted to make a left turn in violation of the city ordinance of Oklahoma City at the intersection of Second street, when a collision occurred between said car and the motorcycle, and the plaintiff, F. C. Fox, was injured.

After the parties introduced their evidence, the court, under proper instructions, submitted the case to the jury, and the jury returned a verdict for the plaintiff; from said judgment the defendants have taken this appeal.

The defendants do not question the negligence of the defendant Morris Brien, nor the excessiveness of the verdict returned by the jury. The only assignment of error with substantial merit is in substance as follows:

"That there is no evidence to prove Morris Brien was the agent of the defendants at the time of the accident and, therefore, his negligence cannot be imputed to these defendants."

The defendant Deep Rock Oil Corporation admits that Morris Brien was regularly employed by it at the filling station at Ninth and Hudson, but denies that he was on duty, contending that his hours for work on that particular day had ceased prior to the time of the accident.

The testimony shows by several witnesses that Morris Brien was wearing a uniform carrying the insignia of the defendant Deep Rock Oil Corporation at the time of the accident, and that he was seen by the plaintiff at the station at Ninth and Hudson, where he was engaged in doing work upon the particular car which he was driving some ten or fifteen minutes prior to said accident. This testimony shows that he was working at the Deep Rock station after 10:30 a. m. and after the time which he and an employee of said defendant testified he was off duty.

There was also testimony by C. L. Stanford and H. D. Stanford that Morris Brien with his uniform on was in the car owned by Mr. Williams and that he drove said car out of the filling station at Ninth and Hudson and down the street to Second and Hudson, where the accident occurred.

In addition to the testimony which the plaintiff presented showing Morris Brien to be the agent of the Deep Rock Oil Corporation, there is a stipulation admitting that the car driven by Morris Brien was owned by W. I. Williams. The testimony shows that W. I. Williams on prior occasions did have his car serviced at the station located at Ninth and Hudson, and that Morris Brien had used said automobile several times in running errands for W. I. Williams. Further testimony shows that the accident occurred at a place in direct line from the station from where Morris Brien left with the car to the garage where it was kept and to where he admitted he was taking it.

Mr. Brien on direct examination testified in part as follows:

"Q. Had you driven this car before? A. Yes, sir. Q. How many times? A. Oh, I don't know, not so very many; just sometimes he would send me on an errand or something like that. * * * Q. Where had you been with the car? A. Been up at Ninth and Walker, I believe it was. Q. Ninth and Walker? A. In between the alley of Hudson and Walker."

On cross-examination he testified in part as follows:

"Q. Prior to this particular day you had serviced this car for Mr. Williams a number of times? A. Sure. Q. And you had charged his account whatever was necessary to service it? A. Yes, sir. Q. And he always paid his bills? A. I don't know that. Q.. He was a customer of that particular place? A. Yes. Q. And whenever he wanted anything for his car you give it to him? A. Sure. Q. Greased it or washed it, whatever was necessary to be done? A. Yes, sir. Q. You say on this particular day you went down and obtained the car about 10:30? A. Or 11. Q. You know where to get the key? A. Yes. Q. And you got the key and took the car out and out to Ninth and Walker in the alley between what? A. Hudson and Walker. Q. That is where you had your grease rack and wash rack? A. No, sir. Q. You mean to say your grease rack and wash rack is not between Hudson and Walker? A. Sure, but I was not where it was. Q. How close to it? A. I was in the alley. Q. What were you doing with the car in the alley? A. Watching a fellow work on his car. Q. You didn't put any grease in the car, you just drove up to watch the fellow work on his car and then you drove down Hudson? A. No. * * * Q. Did you have a uniform on? A. I don't remember. Q. You always wore your uniform when on duty? A. Most generally. * * * Q. You don't mean to tell the jury you stole the automobile? A. Yes, sir. Q. You stole it? A. Yes, sir."

Mr. Williams admitted that he had given his consent to Morris Brien to use his car on different occasions, that he had his car serviced at the Deep Rock station, and that they had done his work for him about a year. The manager of the station at Ninth and Hudson admitted on cross-examination that his employees had gone after automobiles, serviced and delivered them.

Without a doubt, Morris Brien was in the general employ of the Deep Rock Oil Corporation, was dressed in Deep Rock Oil Corporation's uniform with the name "Deep Rock Oil Company" on the front and back, was working at the station after the hour of 10:30 a. m. and after the time testified to by an employee of the Deep Rock Oil Corporation that the boy was off duty. It was further proved by the plaintiff that Morris Brien made the statement immediately after the accident and at the scene of the accident that he was in a hurry delivering the car.

In addition to this testimony, Morris Brien, the defendants' witness and general employee, admitted a number of facts which tended to corroborate the circumstantial evidence of the plaintiff, to wit: That several times he had driven this car owned by Mr. Williams, that on previous occasions he had serviced Williams' car at the station where he was working, that Mr. Williams was their customer and had a charge account with this particular station, and that he greased and washed Mr. Williams' car whenever it was there to be done.

All this testimony went to the jury as being true, and the inferences and intendments deducible therefrom, to the effect that Morris Brien had procured the car for Mr. Williams on that particular morning, had taken it to the Deep Rock station, was servicing said automobile immediately before the accident, and did leave the service station in his uniform, driving directly toward the garage where Mr. Williams kept his car, and while doing so was involved in this accident. The only evidence in the entire record which tends to conflict with all of this testimony is the testimony of the defendant Deep Rock Oil Corporation's manager, who testified that Morris Brien was not working for said defendant at the time of the collision and resulting injury.

It is obvious from the above testimony that a reversal of this case, under all the facts and circumstances as disclosed by the record, would not only place a premium upon the testimony of the agent of said corporation, but would also be to the effect that the jury cannot even determine whether or not the corporation agent or employee, refuting such circumstantial evidence, is telling the truth or whether his testimony is to be absolutely disregarded. It is the duty of the jury to take all of such testimony, reconcile the same, cast aside that which is evidently untrue or perjured, and determine from such testimony what the true facts are and to make its findings thereon.

The defendants contend that the jury is not permitted to make such findings of fact in the face of the testimony of said employee, the agent of the Deep Rock Corporation, who testified that Morris Brien was not working for the Deep Rock Corporation at the time of the accident, when the facts showed that he was actually working at the Deep Rock station after the time said employee stated that he had gone off duty. To this we cannot agree.

From the testimony of Morris Brien to the effect that he stole the car and took it to Ninth and Hudson immediately after going off duty, for the sole purpose of "watching a fellow work on his car," and from the testimony of the employee of the Deep Rock Oil Corporation that Morris Brien went off duty at 10:30 a. m., when the evidence of the plaintiff shows conclusively that Morris Brien was working at the station after that time, engaged in servicing said car, and was seen driving out of said station to the scene of the accident, the jury very properly arrived at the conclusion that the car was in the station being serviced by him, as testified to by the plaintiff.

In M., K. & T. Ry. Co. v. Simerly, 72 Okla. 251, 180 P. 551, the rule on circumstantial evidence is as follows:

"Circumstantial evidence in a civil case, in order to be sufficient to sustain a verdict, need not rise to that degree of certainty which will exclude every reasonable conclusion other than the one arrived at by the jury.

"Where, in a civil case, it is sought to prove a fact by circumstantial evidence, and the circumstances taken separately or collectively reasonably tend to support the facts sought to be proved, then it is a question for the jury to determine which of two theories the circumstances tend more reasonably to support."

And in the case of Mercantile Trust Co. of Ill. v. Roland, 92 Okla. 126, 218 P. 826, this court said:

"The jury is the sole judge of the facts and the inferences to be drawn therefrom, and where there is any evidence, or inferences to be drawn therefrom, reasonably tending to sustain a petition stating a cause of action, it is prejudicial error to sustain a demurrer to the evidence, or to direct a verdict for the defendant."

In the case of Davis, Agent. v. Wyskup, 97 Okla. 239, 223 P. 357, this court held:

"The jury are the sole judges of the credibility of the witnesses and the weight of the evidence, and where positive evidence has been introduced to prove a certain state of facts, and no evidence has been introduced to rebut the same, but where said evidence is inherently improbable, or the physical facts and circumstances surrounding the case tend to contradict such evidence, and the testimony, when taken together with the physical facts and circumstances surrounding the case is of such a nature that men of ordinary intelligence might draw different conclusions therefrom, it is not error for the court to overrule a motion to instruct a verdict.

"The rule undoubtedly is that, where the positive testimony of a witness is uncontradicted and unimpeached, whether by other positive testimony or by circumstantial evidence, either intrinsic or extrinsic, it cannot be disregarded, but must control the decision of the court or jury. But a witness may be contradicted by the facts he states as completely as by direct adverse testimony. A court or jury is not bound to accept it as true merely because there is no direct testimony contradicting it, where it contains inherent improbabilities or contradictions, which alone, or in connection with other circumstances in evidence, satisfies them of its falsity."

From all the facts and circumstances in this case, the judgment of the trial court is affirmed.

OSBORN, V. C. J., and RILEY, BAYLESS, and PHELPS, JJ., concur. McNEILL, C. J., and WELCH and GIBSON, JJ., dissent. BUSBY, J., absent.