## GORDON et al. v. CONTINENTAL INS. CO.

No. 26807. Jan. 25, 1938.

Rehearing Denied March 8, 1938.

W. L. Johnson, for plaintiffs in error.

Rittenhouse, Webster & Rittenhouse, for defendant in error.

HURST, J. This is an action on a fire insurance policy brought by the plaintiff, Gordon, against the defendant, Continental Insurance Company. Judgment was rendered for the defendant on its demurrer to the plaintiff's evidence. The policy covers a house in the sum of $500, household and kitchen furniture in the sum of $300 and other personal property not involved herein. On January 26, 1933, the house and contents were destroyed by fire. Settlement was made as to the personal property, so only the loss as to the real property is involved in this action. The defendant admits the execution of the policy and the loss, but seeks to avoid liability by reason of a mortgage foreclosure clause. On December 15, 1932, prior to the loss, an action was commenced against plaintiff to foreclose a real estate mortgage upon the land on which the house was situated. The clause in the policy relied upon by defendant is in part as follows:

"It is stipulated and agreed that if * * * the property or any part thereof shall thereafter become mortgaged or incumbered; or upon the commencement of foreclosure proceedings; * * * then in each and every one of the above cases this policy shall be null and void."

Plaintiff presents two propositions for reversal: (1) That the forfeiture clause in the policy is contrary to and not authorized by statute; and (2) that even if the clause is valid, it was waived by the conduct of the defendant.

█ Plaintiff contends that the forfeiture clause in the policy above quoted is invalid in that it is contrary to the standard form of fire insurance policy prescribed by statute. Section 10556, O. S. 1931, provides that "no fire insurance company shall issue fire insurance policies on property in this state other than those of the standard form herein set forth. * * *" The forfeiture clause prescribed by the standard form (sec. 10557, O. S. 1931) is in part as follows (punctuation as in the statute):

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the insured now has (other insurance, etc.) * * *; **or if** the subject of the insurance be personal property and be or become incumbered by a chattel mortgage, **or if**, with the knowledge of the insured, foreclosure proceedings be commenced, or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed: **or if** (etc.)"

(a) It is contended that the forfeiture clause in the policy is contrary to the standard form because the clause in the policy provides for a forfeiture in the event of a mortgage or foreclosure proceeding on either real or personal property, whereas it is argued that under the standard form, the policy will be forfeited only in the event of a mortgage or foreclosure

proceedings as to personal property. Thus it is argued that the clause in the instant case has enlarged the clause in the standard form, and since section 10556, supra, requires that all fire insurance policies must be in the standard form, it is invalid.

Defendant first answers the contention of plaintiff with the argument that under the proper construction of the forfeiture clause in the standard form, it does not refer alone to mortgages and foreclosure proceedings on personal property, but applies to real property as well. It will be noticed that the phrase in the standard form referring to cases where the subject matter of the insurance is personal property and incumbered by a chattel mortgage is separated from the next phrase pertaining to foreclosure proceedings by the expression "or if" and by a comma. Treating the second phrase separately, it would not be limited to personal property, inasmuch as it refers to "trust deed" as well as "mortgage". Thus the forfeiture clause in the standard form refers to both real and personal property. Under this construction, there would be no conflict between the standard form and the policy in the instant case. This appears to be the most logical interpretation of this lengthy sentence in the statute.

It will be observed, however, that a semicolon precedes the expression "or if" in every instance except the one separating the two parts of the mortgage clause. In that instance, the expression "or if" is preceded by a comma. It is argued by plaintiff that emphasis must be given to the punctuation as evidencing the intention that the entire mortgage clause between the two semicolons refers only to cases where the subject matter of the insurance is personal property. We cannot agree with that contention. Punctuation marks in a policy may be resorted to as an aid in construction, but do not necessarily control, and cannot change a meaning which can plainly be gathered from the words and their arrangement. 1 Couch, Ins. Law, sec. 185; 13 C. J. 535. Such a construction as urged by plaintiff would render meaningless the reference to "trust deeds" in the second part of the clause, as such deeds pertain only to real estate.

(b) But assuming that the standard form is construed so as to be in conflict with the clause in the policy sued on in the instant case, the result will be the same. In such case, it is the position of the defendant that the policy is in the short or different form prescribed for farm property, as authorized by section 10558, O. S. 1931, and a policy issued pursuant to this section of the statute need not comply with the terms of the standard form. That section provides:

"Any fire insurance company doing business under the laws of this state may issue a short or different form of policy to the one herein prescribed for **farm or dwelling house property,** also for tornado loss; Provided, that the form so issued shall be first submitted to and approved by the Insurance Commissioner of this state."

On the other hand, plaintiff argues that the statute authorizing the short form means merely that they can shorten the statutory form to cut out all provisions not applicable to farm property. But this court has taken a contrary view in Brown v. Hartford Fire Ins. Co. (1925) 108 Okla. 90, 234 P. 352, and Insurance Co. of North America v. Renfro (1926) 121 Okla. 124, 247 P. 990, where it was held that in policies on farm property issued in the short form as provided in section 10558, supra, the terms of the policy will govern instead of the terms prescribed in the standard form. Brown v. Hartford Fire Ins. Co., supra, involved a cancellation clause, and upon close examination it appears that the clause in the policy was materially different from the clause in the standard form. Therefore, the holding that the short form policy governed instead of the standard form is authority directly in point. In the Renfro Case, supra, the insured sued to recover on a fire policy on farm property issued in the short form, and the company defended on the ground that the policy provided that it would not be liable for loss during the time when the insured was in default on his premium notes. Although such clause is not found in the standard form, the court held that the short form governed. This is also authority in point.

(c) The plaintiff further contends, however, that if these statutes are construed to mean that the Insurance Commissioner can prescribe and authorize a short form of policy which is materially different from the standard form, it is an unconstitutional delegation of legislative power to the commissioner. This question was not discussed in the two cases cited in support of this construction. Plaintiff cites cases from Arizona, Minnesota, and Wisconsin, holding that statutes providing that the Insurance Commissioner shall prepare, approve, and adopt, a printed form of policy of fire insurance is an unconstitutional delega-

tion of legislative power. Wylie v. Phoenix Assur. Co. (Ariz.) 22 P. (2d) 845; Anderson v. Manchester Fire Assur. Co. (Minn.) 60 N. W. 1095, 63 N. W. 241; Dowling v. Lancashire Ins. Co. (Wis.) 31 L. R. A. 112. But section 10558, supra, does not delegate to the commissioner the duty of preparing a standard form for fire policies on farm property, but provides that he shall approve the form of policies issued by the companies. Under our interpretation, the companies are not governed by the standard form, and its provisions are not construed as a part of the policies they write on farm property, but their only limitation is the general law. The duties of the commissioner under this section are, therefore, the same as under section 10527, O. S. 1931, providing that the Insurance Commissioner shall approve the form of life insurance policies. His power in such cases has been held not to be legislative, but rather quasi-judicial in that he determines only whether the policies are in clear and understandable form and are in accord with the general law as it exists. Mut. Ben. Life Ins. Co. v. Welch, Ins. Com'r, (1917) 71 Okla. 59, 175 P. 45. Section 10558, supra, is therefore not an unconstitutional delegation of legislative power.

We conclude that the forfeiture clause in the policy under discussion is valid under either interpretation of the mortgage clause in the standard form.

■ Plaintiff further contends that the provision in the policy declaring it to be null and void if the property or any part thereof shall thereafter become mortgaged or incumbered or foreclosure proceedings commenced, was waived by the conduct of the adjuster of the defendant company. There are three acts of the defendant relied on by plaintiff to constitute waiver: (a) Requiring plaintiff to furnish proof of loss; (b) requiring plaintiff to procure a certificate from the county court showing his authority to act for his deceased brother, who had an interest in the property; and (c) that prior to both of these acts the defendant had agreed upon a settlement of the whole claim, including the house, with full knowledge of the foreclosure.

A waiver may be expressed by any acts showing unequivocally the intention to continue the contract in force after knowledge of the breach. Vance on Insurance, p. 451 et seq.; Springfield Fire & Marine Ins. Co. v. E. B. Cockrell Holding Co. (1917) 67 Okla. 116, 169 P. 1060; Fidelity-Phenix Ins. Co. v. School Dist. No. 62, Jackson County, (1918) 70 Okla. 300, 174 P. 515. The clause under discussion is a condition subsequent which may be waived by appropriate conduct of the defendant. However, we are of the opinion that the first and second acts complained of—the requirement of proof of loss and the certificate of authority from the county court—do not constitute a waiver in this case. The proof of loss contained a nonwaiver agreement in which it was agreed that the furnishing of that blank or the preparing of proofs by an adjuster is not a waiver of any of the rights of the company. Such nonwaiver agreements are held to be valid (Vance on Insurance, pp. 478 and 474, note 75; 26 C. J. 405; State Mut. Ins. Co. v. Green [1915] 62 Okla. 214, 166 P. 105), although not extended by implication beyond their exact terms. Springfield Fire & Marine Ins. Co. v. Fine (1923) 90 Okla. 101, 216 P. 898. The nonwaiver agreement in this case was sufficient to cover the request for the certificate from the county court, since it was requested at the same time as the proof of loss.

The decisive question then narrows down to a consideration of whether the defendant had agreed upon a settlement of the whole claim, prior to the nonwaiver agreement and prior to the first two acts discussed, sufficient to constitute a waiver of the forfeiture clause. The plaintiff pleaded waiver on this ground in his reply, and the case was tried largely on stipulated facts. Plaintiff testified that about three weeks after the fire occurred, the agent of the defendant came to plaintiff's place and they "agreed on the settlement of the house and household goods". Plaintiff then stated the amount of this settlement, but it was stricken by the court when objected to by defendant. As we understand the record, this ruling of the court only applied to the amount, and the testimony that a settlement had been agreed upon remained in evidence without objection.

This action is on the insurance policy and not on the agreement of settlement, and it is a well-established rule that if the parties agree upon a settlement of the whole claim which amounts to a final adjustment, with knowledge of the breach of condition, such agreement will constitute a waiver, although the agreement is later repudiated. 26 C. J. 334, sec 419. This court has held that adjustments or settlements constitute a waiver of forfeiture clauses in actions on the policy, in accordance with the weight of authority. Western Reciprocal Under-

writers' Exchange v. Coon (1913) 38 Okla. 453, 134 P. 22; Springfield Fire & Marine Ins. Co. v. Fine, supra; American Cent. Ins. Co. v. Sinclair (1916) 61 Okla. 17, 160 P. 60. It is also well settled that the adjuster has the power to waive forfeiture. Western Reciprocal Underwriters' Exchange v. Coon, supra.

Plaintiff's testimony can only be interpreted to mean that the agreement amounted to a final adjustment. It must not be confused with the settlement which was subsequently made for the personal property alone, nor with the other two acts contended by plaintiff to establish waiver. This was evidence of a prior agreement constituting an independent ground for waiver, and therefore the trial court erred in sustaining defendant's demurrer to plaintiff's evidence. Mercantile Trust Co. v. Roland (1923) 92 Okla. 126, 218 P. 826.

The defendant contends that the plaintiff is bound by his proof of loss in which he claimed loss for the personal property only, and that upon receipt of the settlement therefor, he surrendered the policy. But it is clear that the settlement only pertained to the personal property, and when the company denied liability on the real estate, the delivery of the policy to the agent did not constitute a surrender of plaintiff's rights in that connection, and he was bound to do nothing further to comply with the terms of the policy on his part.

The judgment is reversed, with directions to grant a new trial and proceed in accordance with views herein expressed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY and GIBSON, JJ., concur. WELCH and CORN, JJ., dissent. PHELPS and DAVISON, JJ., absent.