MYRTLE SHARP, PETITIONER, DEFENDANT IN CERTIORARI, v. SEARS, ROEBUCK AND CO., RESPONDENT, PROSECUTOR IN CERTIORARI.

Submitted October 13, 1939—Decided December 21, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the defendant in *certiorari, Parker E. Nielson.*

For the prosecutor in *certiorari, Frederick J. Gassert.*

The opinion of the court was delivered by

PORTER, J. This writ brings up for review the determination of the Essex County Court of Common Pleas in affirming the conclusion of the bureau in awarding compensation for the death caused by accidental means of Hubert Cline Sharp suffered in the course of his employment by the prosecutor. There can be no doubt of his employment or of his death by reason of an infected thumb caused by an injury. The ground urged for reversal is that the proofs do not establish that the injury arose out of and in the course of the employment. We do not concur in that contention. The deceased was engaged by the prosecutor in puttying glass in white pine sash. He had been doing this work for a number of years. It was not unusual for workmen to get splinters of the wood in their fingers or hands. The allegation of the petitioner-defendant is that on Friday, October 1st, 1937, the deceased got a splinter in his right thumb while working on a sash, that same became infected causing death on November 13th, 1937. The testimony is that he made no complaint of any injury to his thumb before the day of the alleged accident. When he returned to his home that evening he complained of the injury and it was treated with home remedies for a couple of days—over the week-end. That the thumb became

inflamed and swollen and on the next work day, Monday, the deceased reported the matter to the employer who sent him the latter's physician who treated him until death ensued. In addition to this circumstantial situation which strongly supports the petitioner-defendant's case there was admitted into evidence before the bureau over objection a conversation said to have occurred between the deceased and one Dumford, a fellow workman, who worked next to him. Dumford testified that the deceased suddenly stopped his work, laid down his putty knife, walked over to him and said, "Oh, boy, I have a splinter" and "it hurts like hell." He asked Dumford to remove the splinter but the latter says that he could not find it. It is noted that he did not say, nor was he asked, whether or not he observed any wound or broken skin. The conversation was ruled by the bureau and the Pleas as being admissible as a part of the *res gestæ*. These rulings were right. This conversation was admissible as a part of the *res gestæ*. The test is whether the utterance was an undesigned incident of a litigated act, made spontaneously and without reflection. We conclude that it was. *Cf. Hanaford* v. *Central Railroad Co.*, 115 *N. J. L.* 573; *affirmed*, 116 *Id.* 412; *Slayback Van Order Co.* v. *Eiben*, 115 *Id.* 17; *Minnisink Oil Co.* v. *Miller*, 13 *N. J. Mis. R.* 289; *affirmed*, 115 *N. J. L.* 499; *Demeter* v. *Rosenberg*, 114 *Id.* 55.

The writ is discharged and the judgment affirmed, with costs.