9 N.J. Super. 266 (1950)
76 A.2d 23
JAMES F. KELLEY, ADMINISTRATOR AD PROSEQUENDUM OF THERESA KELLEY, DECEASED, PLAINTIFF-APPELLANT,
v.
ROOSEVELT HICKS AND JOHN HICKS, TRADING AS HICK'S AUTO BODY SHOP, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 9, 1950.
Decided October 26, 1950.
*267 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Joseph Tomaselli argued the cause for the appellant (Messrs. Malandra & Tomaselli, attorneys).
Mr. S.P. McCord, Jr., argued the cause for the respondents (Messrs. Starr, Summerill & Davis, attorneys).
The opinion of the court was delivered by JACOBS, S.J.A.D.
The plaintiff's action sought recovery from Roosevelt Hicks, individually, and Roosevelt Hicks and John Hicks, partners, trading as Hick's Auto Body Shop. At the close of his case a motion to dismiss the action against the partners was granted, and the cause proceeded and a verdict was rendered against Roosevelt Hicks, individually. The plaintiff appeals from the judgment of dismissal in favor of Roosevelt Hicks and John Hicks, partners, trading as Hick's Auto Body Shop.
During the evening of October 23, 1945, the defendant Roosevelt Hicks, while driving an automobile registered in his wife's name, struck the decedent Theresa Kelley, wife of the plaintiff James F. Kelley. The plaintiff testified that at *268 the scene of the accident and while he was down by his wife's body Roosevelt Hicks came over to him and said, "I am awfully sorry that I hit your wife. I was in a hurry down the pike to get hold of a stalled car." He further testified that Roosevelt Hicks was dressed in a mechanic's coverall which bore the name "Hick's Auto Body." Chief of Police Norton testified that Roosevelt Hicks was dressed in a suit worn by mechanics and said he was going after an automobile that had been stalled on the highway.
Following a motion to dismiss, the lower court permitted the plaintiff to reopen his case for the purpose of calling Roosevelt Hicks as a witness. In response to questions addressed by plaintiff's counsel, Roosevelt Hicks testified that he and his brother John Hicks were partners trading as Hick's Auto Body Shop, part of their business was to go out after stalled or wrecked cars, and although they customarily worked from 8:00 A.M. to 5:00 P.M. they also worked at late hours. He stated that he was uncertain whether any vehicles were registered in the partnership name at the time and it might reasonably be inferred from his testimony that the partnership did not then own any vehicles and he used the car registered in his wife's name for partnership purposes. He denied that he was "driving on business" at the time of the accident or that he was out to pick up a stalled car but stated that he believed that he had told the chief of police where he was going. The sole issue before us is whether the testimony was sufficient to withstand the motion to dismiss at the close of plaintiff's case and call upon the defense to proceed with proof that Roosevelt Hicks was not engaged in partnership business at the time of the accident.
It seems clear from the decisions of our courts that where a vehicle driven by an employee or partner bears the partnership business name, proof of that fact would ordinarily give rise to an inference that he was then engaged in the partnership business sufficient to withstand a motion for dismissal. See Dennery v. Great Atlantic & Pacific Tea Co., 82 N.J.L. 517, 519 (E. & A. 1911); Callahan v. National *269 Lead Co., 4 N.J. 150, 153 (1950). And courts in other states have applied a similar underlying principle with like result when dealing with an employee wearing a uniform bearing the employer's name and regularly used in his employ. See Tieman v. Red Top Cab Co., 117 Cal. App. 40, 3 P.2d 381 (1931); Deep Rock Oil Corporation v. Fox, 178 Okl. 516, 63 P.2d 24 (1936); Western Union Telegraph Co. v. Brown, 297 S.W. 267 (Tex. Civ. App. 1927); Phillips v. Western Union Telegraph Co., 194 Mo. App. 458, 184 S.W. 958 (1916). Cf. Western Union Telegraph Co. v. Kirby, 37 F.2d 480 (3rd Cir. 1930); Western Union Telegraph Co. v. Hale, 277 F. 422 (5th Cir. 1921); certiorari denied, 258 U.S. 621, 66 L.Ed. 795 (1922). In some of the cited cases the uniform was buttressed by a statement as to where he was going made by him at the time of the accident and admitted as part of the res gestae. See Deep Rock Oil Corporation v. Fox, supra; Western Union Telegraph Co. v. Brown, supra. Cf. Mattan v. Hoover, 350 Mo. 506, 166 S.W. 2d 557 (1942).
The respondents contend that, in the instant matter, the statement made by Roosevelt Hicks to the plaintiff at the time of the accident should not be given any affirmative testimonial value to establish where he was going. We infer from the record before us that the statement was made before there had been time to contrive and misrepresent (Slayback Van Order Co. v. Eiben, 115 N.J.L. 17, 22 (Sup. Ct. 1935)), and may be considered as "an undesigned incident of a litigated act, made spontaneously and without reflection." Sharp v. Sears, Roebuck & Co., 123 N.J.L. 494, 496 (Sup. Ct. 1939). The attendant circumstances appear to support its trustworthiness and we have concluded that it may properly have affirmative testimonial value within the holdings in Slayback Van Order Co. v. Eiben, supra; Sharp v. Sears, Roebuck & Co., supra; Demeter v. Rosenberg, 114 N.J.L. 55, 57 (Sup. Ct. 1934); Murphy v. Brown & Co., 91 N.J.L. 412, 416 (Sup. Ct. 1918). Cf. Wigmore, Evidence (3rd ed. 1940), § 1750.
*270 We believe that at the close of the plaintiff's case the evidence together with the legitimate inferences which the jury was entitled to draw therefrom in plaintiff's favor (Dobrow v. Hertz, 125 N.J.L. 347 (E. & A. 1940)), was legally sufficient to support a finding that at the time of the accident Roosevelt Hicks was driving the automobile to a stalled car in connection with the operation of the partnership business. Upon that view it was incumbent upon the lower court to deny the motion to dismiss and call upon the defense for proof in support of the contention to the contrary.
The judgment of dismissal in favor of Roosevelt Hicks and John Hicks, partners, trading as Hick's Auto Body Shop is reversed and a new trial is ordered, costs to abide the event thereof.