10 N.J. Super. 68 (1950)
76 A.2d 532
HERMAN WEINSTEIN, INDIVIDUALLY AND TRADING AS MERIT REALTY CO., PLAINTIFF-APPELLANT,
v.
MATTHEW WEINSTEIN, DEFENDANT-RESPONDENT. HERMAN WEINSTEIN, TRADING AS MERIT REALTY CO., PLAINTIFF-APPELLANT,
v.
MATTHEW LOIBL, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 9, 1950.
Decided November 8, 1950.
*70 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Dominick F. Pachella argued the cause for appellant (Mr. Herbert Fenster, attorney).
Mr. Albert S. Gross argued the cause for respondents.
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The plaintiff, a real estate and business broker, sued defendant Matthew Weinstein for brokerage commissions on the sale to Matthew Loibl of Matthew Weinstein's liquor store business located at 275 Main Street, Hackensack, and sued defendant Loibl for breach of contract. Motions for involuntary dismissal made at the end of plaintiff's case were granted and plaintiff appeals from the judgments entered thereon.
It was stipulated that, prior to November 22, 1948, the defendant Weinstein had promised the plaintiff a commission of ten per cent if he produced somebody to purchase the defendant's business, and that defendant Loibl purchased the business from defendant Weinstein for $18,750 in February, 1949. Burchill, a salesman for plaintiff, testified that defendant Loibl came to plaintiff's place of business on November 22, 1948, to inquire about the various liquor store businesses advertised by the plaintiff; that after discussion, he gave Loibl particulars of two or three places, including the Weinstein liquor store; and that Loibl then signed an agreement, which provided:
"* * * In consideration of services rendered and confidential information given to me by Merit Realty Co. as to the businesses or properties mentioned herein and entrusted to me as a prospective buyer, I hereby agree not to conclude any sale, or give a deposit, or take possession of, or have any interest whatsoever in any of the businesses or properties mentioned, without first informing Merit Realty Co., and further to make provision for the full payment of ten per cent of the purchase price as commission to be paid by seller. Should I fail to comply with any of the terms of this agreement, I shall be liable to Merit Realty Co. for the full commission which they would have earned from the seller.
*71 "The undersigned hereby acknowledges a receipt of a copy of this agreement, and further agrees to recognize Merit Realty Co. as the sole and only Broker, and that no sale shall be concluded until the commission in full has been paid to Merit Realty Co.
"Properties or Businesses Submitted by Merit Realty Co.

* * * * * * *
"275 Main St., Hackensack * * *."
He testified, further, that he suggested to Loibl that they go and look at the stores, but Loibl insisted that he would like to go at his own leisure, and that it was arranged that Loibl was to do so and later get in touch with the plaintiff.
Loibl, who was called as a witness by the plaintiff, testified that on November 24, 1948, which was two days after the signing of the agreement, he visited the Weinstein liquor store at 275 Main Street, Hackensack, for the first time, and that he bought the store later. In cross-examination, Loibl testified that when he went to the Weinstein store on November 24th "Mr. Marks sent me there;" that Marks was a broker and "I bought a business from him before;" that he visited the store several times thereafter but always in company with Marks or one of Marks' associates; and that the closing in February, 1949, took place in the office of Marks. There was no proof that the plaintiff had ever communicated with the defendant Weinstein from the time Loibl signed the agreement on November 22, 1948, until the purchase by Loibl in February, 1949.
The court below granted the dismissal in the Matthew Weinstein case on the ground that there was conflict in the plaintiff's proofs on the question whether the plaintiff was the efficient and procuring cause of the sale; and granted a dismissal in the Loibl case on the ground that the agreement signed by Loibl was a contract of guaranty, and since there was no indebtedness from the defendant Weinstein, the case against Loibl fell.
The plaintiff argues two grounds for reversal: (1) the trial court erred in weighing the evidence, and (2) there was evidence from which the jury could find that plaintiff was the procuring or efficient cause of sale.
*72 Our courts have stated and restated the test to be applied on a motion for dismissal at the end of plaintiff's case, which is that all evidence adduced by the plaintiff, and every legitimate inference therefrom, must be considered in the light most favorable to plaintiff's claim; and if such evidence or inferences would support a verdict for the plaintiff, the motion should be denied. Pirozzi v. Acme Holding Company of Paterson, 5 N.J. 178, 185 (1950); Cropanese v. Ontell, 2 N.J. Super. 120 (App. Div. 1949).
The court below, in holding that the plaintiff failed to make a prima facie case against Weinstein, based it on the finding that Loibl's testimony, "Mr. Marks sent me to the store," brought about a conflict in the plaintiff's proofs on the question of efficient and procuring cause of the sale, which required a dismissal. Standing alone, the fact that there may be some conflict in the plaintiff's proofs will not justify a dismissal. As was said in Hopper, Ex. v. Smith, 70 N.J.L 403 (Sup. Ct. 1904): "But even if the two witnesses could be regarded as in conflict it would not justify a nonsuit. The question whether the cause of action was established was one for the jury."
The respondent argues that the dismissal should be affirmed on the ground that there was no evidence from which the jury could have found that the plaintiff was the efficient and procuring cause of the sale. This argument is based on the premise that proof of introduction of buyer and seller by the authorized broker, and of a sale to such buyer, is never sufficient to make out a prima facie case without evidence of further negotiations on the part of the broker which result in the ultimate sale. The premise is false. "The law is firmly settled in this state that a real estate broker earns his commission when he secures a buyer on the seller's terms, either as originally propounded or as settled by agreement between the seller and buyer." Houston v. Siebert, 129 N.J.L. 468, 472 (E. & A. 1943). "An agent is an `effective cause' * * * when his efforts have been sufficiently important in achieving a result for the accomplishment of which the principal *73 has promised to pay him so that it is just that the principal should pay the promised compensation to him." Restatement, Agency, § 448, comment (a). The question is "whether, under the peculiar conditions of the given case, the agent was the efficient cause of the sale; and where there is real doubt upon that point, such doubt must be solved by the jury." Houston v. Siebert, above.
We think that the evidence at the close of the plaintiff's case, together with the legitimate inferences which the jury was entitled to draw therefrom, considered in the light most favorable to the plaintiff's claim, was legally sufficient to support a finding that the plaintiff was the efficient and procuring cause for the sale. We conclude that the court below should have denied the motion to dismiss and called upon the defense for proof in support of its contention to the contrary. Cf. Kelly v. Hicks, 9 N.J. Super. 266 (App. Div. 1950).
The reversal in the case against Matthew Weinstein leads to a reversal in the case against Loibl if we assume, as did the court below, that Loibl's agreement was one of guaranty. Since neither brief questions this assumption of the court below, we express no opinion thereon.
The judgments under appeal are reversed.